fraudulent transfers to take effect with impunity in case they are successfully concealed for the specified four months. And this certainly cannot be inferred. We think, therefore, that the trustee may avoid the transfers here alleged to be fraudulent, and that the right to maintain an appropriate action to recover the property so transferred, or its value, is vested in him, and in him alone.

The order appealed from was right, and should be affirmed, with costs. All concur.

---

### FRUIN–BAMBRICK CONST. CO. v. MARKS.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

COUNTERCLAIM—PLEADING—BILL OF PARTICULARS.

> Where defendant alleged a counterclaim for commissions on contracts he had secured for plaintiff, plaintiff was entitled to a bill of particulars stating the name of the person who employed defendant, and setting forth the contracts secured by him, where it alleged that it was a foreign corporation, and its agents within the state were ignorant of any contract with defendant, and that it had many officers who might have made such a contract.

Appeal from special term, New York county.

Action by the Fruin-Bambrick Construction Company against William L. Marks. From an order denying plaintiff's motion for a bill of particulars of defendant's counterclaim, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry A. Powell, for appellant.
E. W. Yard, for respondent.

O'BRIEN, J. The action is on a promissory note for $1,000. The answer does not deny the allegations of the complaint; but sets up a counterclaim for $69,864.44, growing out of an alleged employment of the defendant by the plaintiff as an agent to obtain contracts in the city of New York, and an agreement to pay to the defendant for such services a sum equal to one-half of the profits. The defendant alleges that he obtained various contracts under this agreement, and that the profits amounted to $150,000, upon which, as compensation, $4,135.66 was paid, leaving the sum mentioned in the counterclaim due him. Upon an affidavit and the pleadings the plaintiff moved for a bill of particulars asking that the name of the officer, or agent, or manager who employed the defendant, and also a statement of the various contracts which the defendant had obtained, should be furnished. The defendant presented no affidavit or papers in opposition, but upon the plaintiff's own papers the motion was denied.

Considering the nature of the counterclaim, we think that the particulars asked for should have been furnished, provided the plaintiff's moving papers were sufficient. It was shown by affidavit that the plaintiff was a foreign corporation organized under the laws of the state of Missouri and that one Silas C. Martin, who made

the affidavit, was authorized to act in the state of New York as secretary of the plaintiff; and that the business of the corporation in this state was under the management of, and was conducted entirely by, said Martin and one William H. Swift, who was the president of the company. Martin swears that he never knew anything of or ever heard of the appointment of the defendant as plaintiff's agent, and that he had communicated with Swift, whose answer was that he was similarly ignorant; and that neither of them had ever known or heard of the defendant's being employed by, or having secured contracts for, the plaintiff. We think, under the circumstances, that plaintiff was entitled to know the name of the person who, on its behalf, constituted the defendant its agent as alleged, since otherwise, there being many officers of the corporation or persons who might have had the right to delegate such authority to the defendant; it would be manifestly unjust to compel the plaintiff to bring all such officers from the state of Missouri for the purpose of being ready to meet the defendant's proof on the trial on the question of his employment by some one as the agent of the plaintiff. So, too, in regard to the other particulars, we think it would be in the interests of justice to require the defendant to state what contracts he claims to have obtained. It is urged as an objection that the allegation is specific enough, in that the defendant alleges he was entitled to one-half of the profits on all paving contracts obtained in the city of New York. While this is the allegation in the first paragraph of the answer, it will be noticed that in the second paragraph the defendant says he was to have one-half the profits on various contracts. If his claim had been expressly limited in the answer to all paving contracts made in the city of New York, then no further particulars would have been necessary; but, as there is some doubt and ambiguity as to just what he intends to claim,—which must be construed against the pleader,— and as the claim in one paragraph is for all contracts, while in another it is for various contracts, and as the plaintiff may be obliged to meet this latter allegation, it is entitled to know definitely the position which the defendant intends to assume at the trial. This does not require him in any sense to state his evidence, but merely the fact as to what various contracts he claims to have obtained, in the event of his not taking the position that he was entitled to one-half the profits on all paving contracts obtained by the plaintiff in the city of New York.

We think, upon the affidavit and pleadings, that the plaintiff was entitled to the particulars asked for, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide the event. All concur.