(57 App. Div. 315.)

CANTINE v. RUSSELL et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

ACTION FOR ATTORNEY'S SERVICES—SETTLEMENT OF ESTATE—BILL OF PARTICULARS—MOTION TO CORRECT—DISCRETION OF SPECIAL TERM.

In an action by an attorney for services and disbursements in connection with the probate of a will and the settlement of the estate, plaintiff rendered a bill of particulars, stating each item of disbursements, placing a value agreed on for some small services; and the remaining

services specified in his bill, rendered in probating the will, in the appraisal and inventory, in advertising for claims, publishing and serving notices, attending the settlement of the executors, bringing and defending suits, foreclosing mortgages, and the like, he valued in the lump at $20,000. *Held,* that the special term exceeded its discretion in denying a motion for a corrected bill of particulars.

Parker, P. J., and Merwin, J., dissenting.

Appeal from special term, Ulster county.

Action by Peter Cantine against George W. and Frederick T. Russell. From an order of the special term denying a motion for a corrected bill of particulars, defendants appeal. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Brinnier & Searing, for appellants.
Charles F. Cantine, in pro. per.

KELLOGG, J. The plaintiff brings this action for services as attorney at law and disbursements made, making a claim amounting to $20,305.57, and covering the time between May 12, 1896, and January 1, 1900. He has, upon defendants' demand, rendered a bill of particulars, stating each item of disbursement, aggregating $204.07, and placing a value agreed upon for some small services, aggregating $101.50, and giving the value of the remaining services in one lump sum, $20,000. This bill of particulars upon which the charge of $20,000 is based shows services in items,—items separate and distinct from each other, and such items as an attorney at law ordinarily makes a separate charge for. Each item is distinctly independent of every other, and susceptible of a separate valuation. The valuation is in no way dependent upon other services, and can neither be increased nor diminished by any relation to other services, because they have no relation. The plaintiff rendered services in the probate of a will, and states that he was engaged therein from May 12 to May 28, 1896, and that finished this character of service. I see no reason why he should not state what he claims it to be worth. The same is true as to services rendered in the appraisal and inventory, since he gives the time employed. Such service is not unusual in the profession, but simple and ordinary, and for the most part clerkly, service. The same may be said as to advertising for claims and putting notices in a newspaper, and the service of notice on parties to be cited. The service attending the judicial settlement of the executors is also a separate service, and appears so in the bill of particulars rendered, and has a value which plaintiff's books should show, if kept as the books of attorneys ordinarily are. The same is true as to suits brought or defended and specifically instanced in the bill rendered. The same is true as to each action for the foreclosure of each separate mortgage. Indeed, each item named in the bill of particulars served has a value well known to practicing attorneys; and why plaintiff would not be required to state what he claims for each item, or what he intends to prove on the trial each item is worth, I fail to see. The advantage of this to defendants is obvious. The defendants may admit the value to be as claimed, and there will be no need

of calling witnesses. If defendants do not admit, they will know what witnesses to call, and what claim they have to combat. The making of a claim of such proportions, and surrounding it with a nebula of professional opinion, and putting it through as a single pellet, when it is susceptible of analysis and separation into distinguishable parts, is not encouraged in courts of justice. It affords too serious grounds for charges of unfairness,—of privileges extended to officers of the court which no layman enjoys. To each and every item of the bill of particulars served, the plaintiff should place a value,—the value he intends to claim upon trial. Such is the rule adopted as to family physicians, who may be also said to serve under as general a retainer as the plaintiff here claims to have served. This is not the case of a single lawsuit, in which the services for the whole suit may be estimated in a single sum, and so estimated because of the necessary fusion of all of the items. Nor is this such a matter as is considered in Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518. That was a declaration as to the meaning in the Code of Civil Procedure of the term "long account," in determining whether or not the action was referable under the Code. That case has no more bearing on the question of the propriety of a bill of particulars than it would have had were it cited in the Beecher Case, where times and places and persons were required to be stated, through the office of a bill of particulars.

I think the special term committed such serious error in refusing to grant the motion that it cannot be covered by the discretionary power accorded to it, and the order should be reversed, with $10 costs and disbursements of this appeal, and the motion granted, with $10 costs. All concur, except PARKER, P. J., and MERWIN, J., dissenting.