(69 App. Div. 141.)

### KEYES v. GEORGE C. FLINT CO.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. ACCOUNT—BILL OF PARTICULARS.

Where, in an action for an accounting on a contract, defendant alleges the giving of statements from time to time, showing the state of plaintiff's account, and pleads a counterclaim based on an account stated, containing items, and plaintiff denies the account, under Code Civ. Proc.

§ 531, providing that a party, on demand, must deliver a copy of the account relied upon in his pleadings, he is entitled to a bill of particulars of the accounts constituting such counterclaim.

**2. Same.**

An individual, when sued by a corporation on a contract, cannot require a bill of particulars stating with what officers such contract was made, together with its substance.

Appeal from special term, New York county.

Action by John J. Keyes against the George C. Flint Company. From an order denying a motion for a bill of particulars, and for an order precluding defendant from giving evidence of the account alleged in its answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John D. Lannon, for appellant.
Joseph E. Russell, for respondent.

LAUGHLIN, J. This action is brought for an accounting on a contract by which defendant employed plaintiff to manage its shipping department on a guarantied weekly salary and a percentage of the net profits, and for the recovery of the balance found due to plaintiff on such accounting. The complaint charges that defendant's books do not correctly show the account, and that false entries of credits to plaintiff and of the net profits have been made therein. The principal material allegations of the complaint are denied. The answer, for a fourth defense and counterclaim, repeats the allegations of the second defense, to the effect that from time to time during the period of plaintiff's employment by defendant it rendered and delivered to him full and true statements in writing, showing the true condition of his accounts as they appear upon the books of the defendant, and that the same were accepted by the plaintiff as correct and true; and it alleges that an account was stated between the parties on or about the 30th day of June, 1901, and the sum of $1,529.19 was found to be due thereunder by the plaintiff to the defendant, no part of which has been paid, and for which, with interest, the defendant demands judgment. The plaintiff, by reply, denies the allegations constituting the counterclaim. The plaintiff's attorney in due time duly demanded verified items of "all the accounts alleged in the answer and counterclaim," and a verified bill of particulars of the counterclaim, "which shall contain a detailed statement thereof, including the information demanded in the following paragraphs." Here followed 14 separate paragraphs calling for specific information as to the accounts and claims set up in the answer. Paragraph 11 specifically calls for the items of the accounts alleged to have been stated from time to time, and paragraph 14 specifically calls for the items of the account alleged to have been stated on or about the 30th day of June, 1901, and which constitutes the counterclaim for which an affirmative judgment is demanded.

We are of the opinion that the plaintiff was entitled to a copy of the alleged account stated, and of the items thereof, upon which

the defendant's counterclaim is based. The allegations of the answer are to the effect that the accounts rendered from time to time, which it is claimed constitute its accounts, "were full and true statements in writing showing the true condition" of plaintiff's accounts, and that on the account stated on June 30, 1901, "the sum of $1,-529.19 was found to be due thereunder by the plaintiff to the defendant." It is to be inferred from these allegations that the account stated contains items. It thus appears that plaintiff not only denies that any account was stated, but he questions the accuracy of the defendant's books of account. In these circumstances it is important to him to have a copy of the account stated, which, if established as such, may only be impeached for fraud or mistake. An account stated which contains items falls within the provisions of section 531 of the Code of Civil Procedure, which entitled the adverse party to a verified copy thereof. Sanchez v. Dickinson (Sup.) 19 N. Y. Supp. 733; Wells v. Van Aken, 39 Hun, 315; Cunard v. Francklyn, 15 Civ. Proc. R. 134, 1 N. Y. Supp. 877.

The motion for a bill of particulars of the other agreements set up in the answer, and of the names of the parties with whom it is claimed that plaintiff made the same, was properly denied. Where an action is based upon an agreement alleged to have been made with a corporation, and the corporation denies the making of the agreement and any knowledge concerning the same, a bill of particulars stating with what officer or agent the contract was made, and the substance of the contract, may be required of the adverse party. Construction Co. v. Marks, 48 App. Div. 51, 62 N. Y. Supp. 621. In such case it is necessary for the corporation to have this information in order to enable it to be prepared to show that the alleged officer or agent acted without authority. This necessity, however, does not exist where it is claimed that a contract was made with an individual in his own right. The plaintiff, therefore, was not entitled to a bill of particulars concerning the agreement alleged in the answer to have been made between him and certain stockholders of the defendant authorized to represent it.

The order should be reversed, with $10 costs and disbursements, and motion to preclude defendant from giving evidence of the alleged account stated, constituting its counterclaim, granted, with $10 costs, unless the defendant serves a copy thereof upon the plaintiff's attorney within 10 days from the service of the order entered on this appeal. All concur.