(98 App. Div. 163)

## LYNCH v. DORSEY.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. PLEADING—BILLS OF PARTICULARS.

In an action by an executrix upon a judgment recovered by her testator, where the defense was payment, plaintiff was entitled to know by a bill of particulars when and to whom the money was paid, so that she could be prepared to contest either the fact of payment or the authority of the person to whom the alleged payment was made to receive the money, and this although the facts as to the payment relied on could be procured from the testator's attorney, and from the papers on file in supplementary proceedings instituted on the judgment.

Appeal from Special Term, New York County.

Action by Mary R. Lynch, as executrix of the last will and testament of J. Thomas Lynch, deceased, against Stephen W. Dorsey. From an order requiring a bill of particulars, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Clarence F. Birdseye, for appellant.
L. E. Warren, for respondent.

PATTERSON, J. The plaintiff, as executrix of the will of Thomas Lynch, deceased, sues upon a judgment recovered in the City Court in 1889. The substantial defense is payment. The plaintiff moved for a bill of particulars, stating in her affidavit that she has no knowledge of the judgment, or any part thereof, having been paid, and that it is necessary, in order to prepare for trial, that she should be informed of the time and place of the alleged payment and the name of the person to whom such payment was made. In answer to the application there

.was presented an affidavit of the attorney for the defendant, who says that in March, 1901—11 years after the rendition of the original judgment—Lynch brought proceedings supplementary to execution, that a referee was appointed, and that in the examination before the referee it appeared that certain amounts had been paid to the attorney of Lynch. The referee reported that the judgment had been paid, and that the defendant was entitled to have the same canceled. The court refused to confirm the report of the referee, and ordered that moneys paid (but not stating the amount) should be credited on the judgment. The defendant now insists that all the information sought can be had from the attorney of Lynch and from the papers on file in the supplementary proceedings. There is also in this record an affidavit of the referee setting forth that·he found that some payments had been made. The court below granted the motion, and properly so. This plaintiff being in entire ignorance of the facts constituting the alleged defense of payment, and being under the obligation to enforce this claim for the benefit of the estate, if it is a just one, is entitled to know particularly when and to whom the money was paid, so that she can be prepared at the trial to contest either the fact of payment or the authority of the person to whom the alleged payment was made to receive the. money.

Order affirmed, with $10 costs and disbursements. All concur.