(113 App. Div. 304)

## RHODES v. RICE et al.

(Supreme Court, Appellate Division, First Department.    May 11, 1906.)

PLEADING—BILL OF PARTICULARS—KNOWLEDGE OF PARTIES.

    Where, in an action for a certain sum for plaintiff's services in bringing about a sale of defendants' property, one of defendants, on a motion for a bill of particulars, filed an affidavit in which he denied that he had any knowledge of the matters alleged in the complaint, a bill should have been ordered showing whether the agreement was oral or written, and, if the former, the time when, place where, and name or names of the persons with whom made, and the substance thereof; and, if the latter, a copy should be delivered and the bill should specify what services were rendered of the value of the amount sued for.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 954, 958, 960.]

Appeal from Special Term, New York County.

Action by Charles M. Rhodes against Wandell P. Rice and others. From an order denying a bill of particulars, defendant Wandell P. Rice appeals.    Reversed, and motion granted in part.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Nicholas F. Lenssen, for appellant.
E. Ormonde Power, for respondent.

McLAUGHLIN, J.    The complaint in this action, except the formal parts of it, is as follows:

- "First. That between the 1st day of January, 1899, and the 1st day of September, 1900, the plaintiff performed, at the special instance and request of the defendants, certain work, labor, and services for the defendants in procuring the sale of real and personal property of the Lancaster Caramel Company to the American Caramel Company.

"Second. That as a result of the plaintiff's work and services the said sale of the Lancaster Caramel Company to the American Caramel Company was brought about and consummated.

"Third. That the fair and reasonable value of the plaintiff's services is the sum of two hundred thousand ($200,000) dollars, which sum the defendants agreed to pay to the plaintiff, and no part of which has been paid."

Judgment was demanded for this sum, together with interest thereon from the 1st of September, 1900.    The appellant interposed an answer which denied each and every allegation of the complaint, and after issue had been joined he moved that the plaintiff be required to give a bill of particulars which should state, among other things, whether the services which were alleged to have been rendered at the special instance and request of the defendants were embodied in a written or in an oral communication; if in writing, that a copy of such writing be furnished, and, if oral, that the time, place, and substance of the communication and the name or names of the defendants with whom had, be stated; also that he should specify of what the services consisted, the nature and amount thereof, and the time and place of performance; that he should also state in what manner the alleged sale was caused or contributed to by his alleged work and services, and in addition that he should specify which of the defendants agreed to pay the sum of $200,000, and, if such agreement be in writing, that a copy

be given, and, if oral, that the time when and the place where the oral communication was made, and also the substance of that, should be given. The motion was made upon the pleadings and on the appellant's affidavit, in which he denied that he had any knowledge of the matters alleged in the complaint, and that it was necessary and material for him, in order that he might properly defend the action, to be furnished with the information sought. The affidavit contained a further statement to the effect that the appellant had not, at any time, been in copartnership with the four other defendants, and that he had no knowledge plaintiff had been employed, or that he had rendered any service in connection with the transfer of the property referred to in the complaint. The motion was denied, and he appeals.

I am of the opinion this order should be reversed, and the motion granted to the extent of requiring plaintiff to state whether the agreement under which he claims to have rendered service was oral or in writing; if the former, to state the time when, the place where, and the name or names of the person or persons with whom made, and also the substance thereof; if the latter, to deliver to the appellant a copy of the same. Plaintiff should also be required to specify that services were rendered that were of the value of $200,000. If the appellant's affidavit be true, that he has no knowledge or information as to the alleged claim of the plaintiff, then he ought to be furnished with this information, to the end that he may properly prepare for the trial of the action. The object of a bill of particulars is not only to enable a party to properly prepare his pleading for trial, but to limit the scope of the inquiry at the trial, and thus shorten it, and whenever facts are presented from which the court can find that either is the object of the motion, a bill of particulars is ordered to the extent required for such purpose. Lynch v. Dorsey, 98 App. Div. 163, 90 N. Y. Supp. 741; Alleghany Iron Co. v. Chesapeake & Ohio R. R. Co., 69 App. Div. 87, 74 N. Y. Supp. 514; Fruin-Bambrick Construction Co. v. Marks, 48 App. Div. 51, 62 N. Y. Supp. 621.

The order appealed from therefore should be reversed, with $10 costs and disbursements, and the motion granted to the extent above indicated, with $10 costs. All concur.