### WASHBURN v. GRAVES et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

PLEADINGS—BILL OF PARTICULARS.

Where, in an action to recover money, defendants pleaded as a counterclaim that plaintiff and decedent, his former copartner, or one of them, had in the management of defendants' intestate's property wrongfully collected and retained money and sold chattels at a sacrifice without her consent, and plaintiff by affidavit denied in detail all knowledge respecting the matters alleged in the counterclaim, and no opposing affidavits were filed, his motion for a bill of particulars specifying the names of persons from whom the money was collected, the names of the persons to whom the chattels were sold, etc., should have been granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 970.]

Appeal from Special Term, Albany County.

Action by Lucius H. Washburn against Harriet D. Graves and another, administrators. From an order denying a motion for a bill of particulars of defendants' counterclaim, plaintiff appeals. Reversed, and motion granted.

The complaint, among other things, alleges that one Hiram L. Washburn, who was an attorney and counselor at law, now deceased, between January 3, 1902, and February 1, 1904, paid to Margaret Kilbourn, defendant's intestate, and disbursed for her benefit, and for the benefit of her real estate, $2,567.90, which payments and disbursements, with the respective dates thereof, are fully set forth in an itemized schedule, constituting a part of the complaint; that no part thereof has been paid except $2,056.48, leaving due and owing from said Margaret Kilbourn, $511.42. The complaint also alleges the assignment to plaintiff, also an attorney and counselor at law, of the said cause of action by the personal representatives of said Lucius H. Washburn, deceased.

As a counterclaim to said alleged cause of action, the defendants allege that said Hiram L. Washburn and the plaintiff were copartners; and, as such copartners rendered services as agents of said Margaret Kilbourn, deceased, in leasing her real estate and collecting and paying over rents and that "said plaintiff and his said copartner between the years 1900 and September 7, 1904, in violation of their contract with intestate, and for their private advantage and gain, unknown to intestate, equipped, or partially equipped, portions of said realty and premises with household furniture and leased the same in connection with said premises, and as a part thereof, to divers persons upon an understanding with such persons that a portion of the rent paid was to be applied for the use of said furniture, and the balance for the use of said premises; that in furtherance of said plan the sums so agreed upon as for use of said furniture were collected by plaintiff and his said copartner, or one of them, and applied to his or their personal profit without the consent of intestate to the damage and injury of the defendants' intestate in the sum of $500," and also "that in furtherance of said plan for a personal and private gain in the leasing of said furniture, the plaintiff and his said copartner, or one of them, disposed of certain household furniture belonging to said intestate, and located in said premises and under their charge, without the consent of the intestate of the value of $450 for the nominal sum of $18.40, or thereabouts, to her damage $431.60."

The plaintiff in his moving affidavit, denies in detail all knowledge respecting any of the matters alleged in said counterclaim, and it appears from such affidavit that he is ignorant of all facts pertaining to the same. No opposing affidavits were submitted. Plaintiff asked for a bill of particulars specifying "the particular articles of household furniture alleged to have been leased by plaintiff and his said copartner, the names of the persons it is claimed paid moneys pursuant to the alleged understanding that a portion of the rent was to be received for the use of said furniture, and the proportion or amount of the rent so applied, and of the amount of rent so alleged to have been collected, and the particular days and times of the collection or receipt of said alleged amount, and also the particular articles of household furniture alleged to have been sold as aforesaid, with the respective values of such articles, together with the day or days of such sale and the name or names of the person or persons to whom the same was sold."

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Frost, Daring & Warner (J. S. Frost, of counsel), for appellant.
N. B. Spalding, for respondents.

COCHRANE, J. The counterclaim alleges deception, imposition, and wrong dealing by plaintiff and his copartner for a period of nearly four years while acting in a fiduciary capacity for the defendants' intestate. These allegations are in the most general terms, and convey very little, if any, information as to the precise facts constituting such malfeasance save the general statement thereof. Plaintiff in his reply and in the moving affidavit denies all knowledge concerning the same. His copartner for whose misdeeds equally with his own he is sought to be held liable is dead, and whatever information may have been possessed by the copartner is not available to plaintiff. Defendants do not plead their inability to furnish the desired particulars. In the absence of opposing affidavits it must be assumed that they can readily furnish the same. It may very well be that the instances of wrongdoing, if any, alleged in the counterclaim were committed by the deceased copartner of plaintiff without the knowledge of the latter and the latter should be apprised in detail of the facts concerning the same which are within the defendants' knowledge. It would be mani-

festly unjust to require the plaintiff to go to trial on such sweeping and comprehensive charges of business obliquity and long-continued petrified integrity on the part of himself or his deceased copartner, without apprising him more fully of the nature of such charges. Justice and propriety require the defendants to comply with the plaintiff's demand for a bill of particulars. The particulars asked for amount to little more than a detailed description of the wrongful contracts which the defendants claim were made to the prejudice of their intestate. If those contracts were in writing, and in defendants' possession, plaintiff would clearly be entitled to copies thereof. Being oral, it is equally proper that defendants should furnish detailed particulars concerning the same.

The order must be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.