### FISCHEL v. FISCHEL et al.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

PLEADING—BILL OF PARTICULARS.

　　Where plaintiff, in response to an order for a bill of particulars in a. suit for specific performance of an agreement to convey certain property, set forth certain agreements with appellant and another for the conveyance of the property, and alleged that such agreements were partly oral

and partly in writing, signed by a person other than appellant, acting for himself and for appellant, a motion that plaintiff furnish appellant with copies of so much of the agreements described as were in writing should be granted, where appellant denied, without contradiction, any knowledge of the alleged agreements, and nothing was shown to raise any presumption that she knew the nature or purport of the agreements, neither of which was alleged to have been signed by her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 990.]

Appeal from Special Term.

Action by Jacob Fischel against Harry Fischel, impleaded with Rebecca Jacobs. From an order denying defendant Jacobs' application for further bill of particulars, she appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

J. A. Seidman, for appellant.
Henry M. Flateau, for respondent.

SCOTT, J. It appears from the papers before us that the action is one to compel specific performance by the appellant of an agreement to convey certain property to her codefendant and the plaintiff. A former motion for a bill of particulars was granted, and in response to it the plaintiff set forth: That the defendant Harry Fischel had agreed with plaintiff that the latter would sell to the said Harry Fischel 125 shares in the Grand Theater Company. That said Harry Fischel would endeavor to purchase a certain plot of land in the city of New York for the sum of $355,000 to be paid as follows: $50,000 in cash, $165,000 by taking the premises subject to a first mortgage thereon, and $140,000 by taking the property subject to a second mortgage thereon. That said Harry Fischel would advance the necessary amount of cash to purchase said land. That title to said property should be taken in the name of Rebecca Jacobs. That immediately upon investing of title in said Rebecca Jacobs she would by proper deed convey the same to the said Harry Fischel and the plaintiff as tenants in common in certain proportions, and that the plaintiff should thereupon pay to said Harry Fischel one-third of the cash advanced upon said purchase, and the profits and losses should be received and borne by said plaintiff and said Harry Fischel in proportion to their stipulated interests. That said Rebecca Jacobs promised to carry out on her part the terms of the above agreement, and to make the conveyance therein provided for. He further said that the agreement between himself and Harry Fischel was partly oral and partly in writing, and so much thereof as was in writing was signed by Harry Fischel; that the agreement said to have been made by Rebecca Jacobs was partly oral and partly in writing, and such part thereof as was in writing was signed by the defendant Harry Fischel on behalf of the defendant Rebecca Jacobs.

The present motion is in effect that the plaintiff furnish the appellant with copies of so much of the above-described agreements as were in writing. We think that this motion should have been granted. The appellant denies any knowledge of the alleged agreements. No fact is shown to contradict her in this regard, and nothing is shown to raise any presumption that she knows the nature or purport of the agreements, neither of which is alleged to have been signed by her. To have

granted the motion would have been in harmony with recent decisions in this department. Rhodes v. Adams, 113 App. Div. 304, 98 N. Y. Supp. 913; U. S. Paper Co. v. De Haven, 115 App. Div. 403, 100 N. Y. Supp. 796.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.