## HUDNUT REALTY CO. v. MAHONEY.

### (Supreme Court, Appellate Term.  November 12, 1909.)

PLEADING (§ 317*)—BILL OF PARTICULARS—RIGHT OF PLAINTIFF CORPORATION.
   Defendant, sued by a corporation for failure to construct a building
   according to contract, alleging acceptance of building with waiver of non-
   compliance, and settlement after controversies and disputes between the
   parties, should be required to give a bill of particulars as to the officer
   or agent of plaintiff accepting with waiver and making settlement, and
   also as to details of controversies and settlement.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 958, 959; Dec.
   Dig. § 317.*]

Appeal from City Court of New York, Special Term.

Action by the Hudnut Realty Company against Robert J. Mahoney.
From an order denying a motion for a bill of particulars, plaintiff ap-
peals.  Reversed, and motion granted.

Argued before GILDERSLEEVE, P. J., and SEABURY and
LEHMAN, JJ.

Baldwin & Hutchins (Roger S. Baldwin and William P. Jeffery, of
counsel), for appellant.

Gignoux & Reid (Claude Gignoux and William J. Reid, of counsel),
for respondent.

GILDERSLEEVE, P. J.  The action is brought by the plaintiff cor-
poration to recover $1,000 damages arising from the alleged failure
of defendant to construct a building for plaintiff in accordance with
certain plans and specifications, which formed part of an agreement be-
tween the parties for the construction of said building.  The defend-
ant admits the agreement, but denies the alleged failure to construct
the building in accordance with the plans and specifications as agreed
upon, and in the amended answer he sets up a separate defense, alleging
that plaintiff had waived compliance with the original specifications
and had agreed to modify the same, and that defendant had performed
the work in accordance with the alleged modified specifications, and
that plaintiff had accepted said building with knowledge that said
original specifications had not been complied with.  It is further al-
leged in the amended answer, as a second separate defense, that there
had been controversies and disputes between the parties, and that all
disputes, including the claim which forms plaintiff's cause of action in
the case at bar, had been settled by defendant allowing to plaintiff
certain sums claimed by defendant to be due from plaintiff to him.
The plaintiff made a motion for a bill of particulars of the matters set
up in the separate defenses, which motion was denied, and plaintiff ap-
peals from the order entered thereon.

It will be remembered that plaintiff is a corporation, with various
officers and agents, and its president, in a comprehensive affidavit,
among other allegations, swears that he—

"has consulted with the officers, directors, and employés of defendant [pre-
sumably meaning plaintiff], with a view of ascertaining the facts alleged in
the answer herein, and has made diligent inquiry concerning the same, and the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

particulars of the claims, waivers, excuses, acceptances, settlements, releases, and discharges set forth in the amended answer, * * * and that deponent does not know, and is informed and believes, as a result of such consultations and investigations, that the plaintiff, its officers, directors, and employés, do not know, and have been unable to ascertain, that the said specifications were amended, and that strict compliance therewith and performance thereof excused, or that said building was accepted with full knowledge that defendant had failed to construct the same in accordance with said specifications, or that the plaintiff had waived any right with respect thereto, or that there were any controversies and disputes between defendant and plaintiff, * * * or the allowance of any sums to plaintiff in consideration of plaintiff waiving all claims which it had against defendant, including the claim set forth in the complaint, or of any release and discharge of defendant from the cause of action set forth in the complaint."

The affidavits submitted by plaintiff further allege that the information sought is within the knowledge of defendant, and that the desired particulars with regard to the allegations of the amended answer are material and necessary to the prosecution of the action, and are unknown to and unascertainable by plaintiff, unless the bill of particulars is allowed, and that plaintiff cannot properly prepare for or safely go to trial and meet the claims of defendant without such particulars.

It seems to us that the learned court below erred in refusing the order for a bill of particulars. The rule is that where an action is based upon an agreement alleged to have been made with a corporation, and the corporation denies the making of the agreement and any knowledge concerning the same, a bill of particulars, stating with what officer or agent the contract was made, and the substance of the contract, may be required of the adverse party, as in such case it is necessary for the corporation to have this information in order to enable it to be prepared to show that the alleged officer or agent acted without authority. Keyes v. Flint Co., 69 App. Div. 143, 74 N. Y. Supp. 483; Fruin-Bandbrick Con. Co. v. Marks, 48 App. Div. 51, 62 N. Y. Supp. 621. We think the plaintiff should know the name of the person who, on its behalf, made the alleged agreements referred to in the separate defenses of the amended answer, and the time and place of such agreements; also with reasonable precision the details of the alleged agreements, and the alleged controversies that had arisen between the parties, as alleged in the said separate defenses of the amended answer. Rhodes v. Adams, 113 App. Div. 304, 98 N. Y. Supp. 913; Knickerbocker Trust Co. v. Packard, 109 App. Div. 421, 96 N. Y. Supp. 412.

We recognize the rule that a bill of particulars may not be required for the purpose of disclosing the evidence or names of the witnesses of an adversary; but a bill of particulars may be required for the purpose of giving definite information as to a claim contended for by an adversary with respect to any material fact at issue, even though this may involve a disclosure of the names of individuals with whom it is claimed the transactions were had, as a party is entitled to be informed with reasonable certainty of the nature of the claim made by his adversary, so as to prevent surprise, and enable him intelligently to meet the issue upon the trial; and, as above stated, while the name of a possible witness, as such, may not be required to be disclosed, still the name of an individual with whom it is claimed that the transaction, which is one of the issues in the case, was had, may, in a

;proper case, be required to be specified, even though it may be the intention of the opposite party to prove the fact by such individual as a witness. Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 323, 76 N. Y. Supp. 671.

The order must be reversed, with $10 costs and disbursements, and the motion granted as above indicated, with $10 costs of the motion. All concur.