## LUNDBERG et al. v. DE RONDE.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. PLEADING (§ 323*)—BILL OF PARTICULARS—SUCCESSIVE APPLICATIONS.
    Denial of a motion for a bill of particulars is not a bar to a subsequent motion on a different state of facts.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

2. PLEADING (§ 330*)—BILL OF PARTICULARS—ACCOUNTS CONTAINING ITEMS.
    Where the answer, in an action on an account stated, showed that different accounts were rendered, and alleged that such accounts were inaccurate and contained errors and omissions, defendant was entitled to a bill of particulars consisting of a copy of the account alleged to be stated and the items making up such account.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 996–1002; Dec. Dig. § 330.*]

Appeal from Special Term, New York County.

Action by Kurt M. Lundberg and another, as trustees in bankruptcy of the Frank S. De Ronde Company, against Philip De Ronde. From an order denying a motion for a bill of particulars, defendant appeals. Reversed.

See, also, 138 App. Div. 898, 123 N. Y. Supp. 12.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, DOW-LING, CLARKE, and SCOTT, JJ.

C. E. Thornall, for appellant.

Nathan D. Stern, for respondents.

McLAUGHLIN, J. The action is upon an account stated. The answer denies that an account was stated between the parties, and alleges, as a separate and distinct defense, that all the accounts rendered by the Frank S. De Ronde Company to the defendant had upon them letters which indicated that errors and omissions were excepted; that all statements and accounts rendered were made from the books of the corporation, which were inaccurately kept and were not true books of account; and that the account with the defendant was not a correct account and contained errors and omissions. This is the second appeal.

Before the answer was served, the defendant moved for a bill of particulars of the account alleged to have been stated. The motion was granted, but on appeal the same was reversed (138 App. Div. 898, 123 N. Y. Supp. 12) on the ground that there was nothing in the record to show that the account stated was an account containing items. After the defendant answered, he again moved for a bill of particulars. The motion was denied; the learned justice at Special Term, as appears from his memorandum, holding that, in view of the former decision of the Appellate Division, the defendant was not entitled to a bill of particulars.

[1] The fact that the previous motion for a bill of particulars was denied is no reason why this motion should have been denied, provided a different state of facts were presented.

[2] A different state of facts was presented because, when the motion which resulted in the order here appealed from was made, the defendant had answered, and from which it appears that different accounts were rendered, which are alleged to have been inaccurate, and, in addition, that errors and omissions were excepted. From these allegations it is fairly to be inferred that the accounts which were rendered did contain items.

Under such circumstances, the plaintiffs' cause of action being predicated upon an account stated, I am of the opinion that the defendant was entitled to have a copy of the account alleged to have been stated, as well as the items which made up that account. Keyes v. Flint Co., 69 App. Div. 141, 74 N. Y. Supp. 483; Herbert v. Hellbut, 119 App. Div. 426, 104 N. Y. Supp. 699; Wells v. Van Aken, 39 Hun, 315.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.