(164 App. Div. 209)

PACE et al. v. AMEND et al. (No. 6218.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. PLEADING (§ 326*)—BILL OF PARTICULARS—ADDITIONAL BILL.

Where attorneys sued for services rendered in the acquisition of certain patents and the organization of a corporation, and voluntarily filed a bill of particulars showing in detail the services rendered, while they cannot be expected to itemize their charges as to each item of service, they can be compelled to file a further bill of particulars, grouping services rendered as to each opinion, contract, suit, etc., and to itemize their charges for the different groups.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 990–992; Dec. Dig. § 326.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS.

In a suit to recover an attorney's fee under an oral agreement, where the only allegation of the complaint as to the terms of the agreement was that the services were rendered at the request of the defendants in the acquisition of certain patents and the organization of a corporation, the attorneys will be required to furnish a bill of particulars setting forth the terms of the agreement for their services.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by Francis P. Pace and another against Otto P. Amend and others. From an order denying a motion for a further bill of particulars, defendants Wolfram Wire Company and another appeal. Order reversed, and motion granted.

See, also, 149 N. Y. Supp. 736.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harry R. Kohn, of New York City, for appellants.

Willard H. Olmsted, of New York City, for respondents.

LAUGHLIN, J. This is an action by a firm of attorneys and counselors to recover for professional services alleged to have been performed between the 12th day of October, 1912, and the commencement of the action, at the special instance and request of the defendants, "in and about the acquisition, development, and exploitation of certain patents and the subject-matter thereof, as well as concerning the organization and operation of the defendant Wolfram Wire Company," and it is alleged that the services were reasonably worth the sum of $100,000.

[1] The plaintiffs have, in part voluntarily and in part pending an application to the court therefor, furnished an itemized bill of partic-

ulars of their claim, showing minutely and at great length the services for which they claim compensation and certain other things. The bill of particulars extends over 45 pages of the printed record. While the plaintiffs have with sufficient definiteness itemized the services, they have not made separate charges for the respective items. One of the contentions of the appellants is that that should be required, or that they should at least be required to make a separate charge for services relating to each particular subject-matter. It is claimed on the part of the plaintiffs that the services were performed pursuant to a single contract of employment, and that they all relate to the same subject-matter and are all connected and incapable of separation. We are of opinion that the bill of particulars does not sustain this contention. The period during which the services were performed extended over about a year. It may be that all of the services are in a sense connected, and that they became necessary in accomplishing the purpose for which the plaintiffs were originally employed; but it is manifest that it was not originally contemplated that all of the services rendered would be required. It is apparent that a considerable part of the services relates to matters which arose incidentally and had not been anticipated. We think that many of the items of services might well be grouped, and a separate charge made therefor, and that in the usual course of professional practice this would be done. Of course, the plaintiffs should not be required to fix separately the value of the services rendered at each consultation; or in receiving and examining letters, or in writing letters, or the like, or to make a separate charge for each step with respect to a particular matter.

It appears that the plaintiffs were called upon to make examinations with respect to the validity of patents and contracts, and to render separately formal opinions with respect thereto, and to prepare different contracts, and to conduct certain litigation, and to perform other services with respect to a particular arising in the course of performance of the general services for which they were employed. We are of opinion that the plaintiffs should be required to specify the amount which they claim to be the reasonable value of their services with respect to such separate services relating to a single subject-matter; and in order that this may be more intelligently presented, they should be permitted to revise their bill of particulars, so as to set forth, separately grouped, the services relating to each opinion, contract, suit, or other subject-matter, and the charge therefor.

That it is the duty of an attorney to itemize, so far as practicable, his services and charges to his client in a bill of particulars in an action against his client, is well settled (Cantine v. Russell, 57 App. Div. 315, 68 N. Y. Supp. 94; Squires v. Kissam, 121 App. Div. 607, 106 N. Y. Supp. 373); but it seems necessary for the court to restate it from time to time. The general rule applicable to facts such as are presented by the record now before the court was stated by Mr. Justice Clarke, writing for this court in Aub v. Hoffman, 120 App. Div. 50, at page 52, 104 N. Y. Supp. 913, 914, as follows:

"We think that the order appealed from should be modified, so as to provide that the plaintiffs give a bill of particulars in which they shall enumerate each of the suits or proceedings instituted by them, and the details of the

services claimed to have been performed in each of those suits or proceedings, and place a valuation upon the services rendered in each one; that is, we do not require a valuation of each detail, but a valuation of the services rendered, which may be by way of a lump sum for each of the suits or proceedings, and if there be, outside of the specific suits or proceedings, other services of a general nature, they should be enumerated with such particularity as to indicate the method of computing the bill. It is clear that unless such a bill of particulars is furnished it would be impossible upon this complaint for a defendant to properly prepare for trial. There would be no way in which the charges made for the services rendered could be submitted to other members of the profession, for the purpose of obtaining expert evidence to submit to the jury upon the question of the value of the services claimed for."

It would be most difficult, if not impossible, for the court, particularly where, as here, the terms of the agreement under which the services were rendered are not set forth, to select from this long bill of particulars and specify the items which should be grouped and for which separate charges should be made; but, having in mind the general rule herein quoted, the attorneys should have no difficulty in revising their bill of particulars, and in so grouping the services and charges as to conform to the rule.

[2] It appears that the plaintiffs claim, as shown by the bill of particulars voluntarily served, that the agreement by which they were employed was oral; but they failed to give the terms thereof, or the names of the persons who they claim represented the defendant corporation in making the agreement. On the 22d of July, 1914, the appellants served a notice of motion for a further bill of particulars, giving, among other things, the terms of the contract and the name or names of the person or persons who represented the defendant corporation in negotiating it. It appears that, two days before the motion was returnable, the plaintiffs served a further bill of particulars, in which they gave the names of the persons who they claim made the agreement in behalf of the appellant company; but they failed to set forth the terms of the agreement, and alleged that they were set forth in the complaint. The only allegations of the complaint relating thereto are those herein quoted. It is manifest that the terms of the agreement are not sufficiently set forth. The rule is well settled that, where an agreement upon which a cause of action is based is pleaded generally, the party pleading it will be required by a bill of particulars to furnish a copy of the agreement, if it be in writing, and, if not, to set forth the substance thereof. Dempsey v. Bergen County Traction Co., 74 App. Div. 474, 77 N. Y. Supp. 456; Cozzens v. American General Engineering Co., 126 App. Div. 942, 111 N. Y. Supp. 350; Astor Mortgage Co. v. Tenney, 157 App. Div. 361, 142 N. Y. Supp. 265. See, also, Washburn v. Graves, 117 App. Div. 343, 101 N. Y. Supp. 1043; Hudnut Realty Co. v. Mahoney, 119 N. Y. Supp. 283.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted to the extent of requiring plaintiffs to set forth the terms of the contract, and to state separately their charges for services relating to particular matters, as herein indicated. All concur.