LOUIS DeGUMOENS, JR., Respondent, v. THE EQUITABLE TRUST COMPANY OF NEW YORK, Appellant.

Second Department, January 26, 1925.

**Pleadings** — bill of particulars — action by assignee to recover balance of deposit made by Shanghai branch of Russo-Asiatic Bank, plaintiff's assignor — bill of particulars by defendant returned as insufficient — motion to preclude defendant giving evidence — mere statement that agreement was neither oral nor written not compliance with request as to whether agreement was oral or written — request as to date of inception of transactions alleged in answer not complied with by statement that defendant could not tell — request for information as to when assignor ceased to exist and when property was taken over by another — bill stated that defendant did not know and set out two Soviet decrees — defendant properly limited to introduction of said two decrees — request by defendant for more time should have been made on motion and supported by affidavits.

In an action by the assignee of the Russo-Asiatic Bank, a Russian banking corporation, to recover a balance alleged to be due to the assignor on deposits made by its Shanghai branch with the defendant, an order that the defendant furnish a bill of particulars in answer to the request whether an agreement between the defendant and the plaintiff's assignor was in writing or oral is not complied with by a statement that the agreement was neither oral nor written; and the order of the trial court on the motion to preclude the defendant from introducing evidence, which granted plaintiff's motion, and gave the defendant an opportunity to serve a further bill of particulars, is affirmed. If the defendant intended to rely upon an implied agreement, it should have stated the circumstances under which the agreement arose.

The bill of particulars was insufficient also in answering a request for the date when the transactions through the Shanghai branch of the plaintiff's assignor with the defendant had their inception by stating that the defendant is unable to ascertain the date, as it is clearly evident that the defendant must have known the date of the inception of the transactions.

A request for a bill of particulars in reference to an allegation in the answer that the plaintiff's assignor did not exist at the time the assignment was made but had been duly dissolved and the title to its property taken over by an entity other than the plaintiff, that the defendant specify the date of the dissolution of the assignor and the date when the title to its property was taken over, is not complied with by a statement that the defendant is unable to answer the question but has obtained copies of two decrees of the Russian Soviet government, merging all banks in Russia, and that the defendant intends to obtain

further evidence and does not intend to limit its proof to that already obtained, and the court was right in precluding the defendant from introducing any evidence beyond that of the two Soviet decrees set out in the bill of particulars. The defendant, if its alleged inability to particularize could be supported by the facts, should have presented them at the time the particulars were applied for, and if it desired further time in which to furnish the particulars it should have presented the facts justifying its demand in opposition to the motion to preclude.

APPEAL by the defendant, The Equitable Trust Company of New York, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 11th day of July, 1924, granting plaintiff's motion to preclude the defendant from giving evidence on the trial with respect to certain allegations set forth in its answer.

*Otey McClellan* [*William Dean Embree* with him on the brief], for the appellant.

*Maurice Léon,* for the respondent.

KELLY, P. J.:

Plaintiff, as assignee of the Russo-Asiatic Bank, a Russian banking corporation, brings this action to recover a balance of $543,267.35 alleged to be due his assignor on deposit made by its Shanghai branch with the defendant trust company. But aside from the substantial amount involved in the controversy the question presented by this appeal is simple and elementary in character, to wit, whether a litigant may ignore an order of the court duly made directing service of a bill of particulars.

The defendant having answered the second amended complaint, the plaintiff moved upon the pleadings and affidavits for a verified bill of particulars of certain of the allegations contained in the answer and in the counterclaim therein pleaded. The application was opposed by defendant upon affidavits, and after hearing counsel for the parties an order was made on December 24, 1923, directing service within ten days of a verified bill of particulars of certain specified allegations contained in defendant's pleading. The defendant did not appeal from the order, but the bill of particulars was not served until June 17, 1924, when it was at once returned to the defendant's attorneys with an itemized statement of plaintiff's objections to it upon the ground that it was insufficient. No motion was made to compel the plaintiff to accept the bill of particulars as served, and in July, 1924, the plaintiff applied upon notice and affidavits for an order precluding defendant from giving evidence on the trial in support of the allegations as to which, plaintiff asserted, defendant had failed to comply with the order. The defendant while appearing by counsel in opposition to the

motion, filed no affidavits explaining its failure to comply with the order or alleging inability to obey it.    Under these circumstances the learned justice at Special Term granted plaintiff's motion, but gave the defendant an opportunity to serve a further bill of particulars in one case where the failure to comply with the order was obvious and on its face inexcusable, and in another instance limiting defendant's proof to the facts disclosed in the bill of particulars already served.    In the third instance of non-compliance with the order, no excuse being offered, the order of preclusion was absolute.    The defendant did not take advantage of the permission to serve a further bill of particulars but has appealed from the order.

As already suggested, the appeal presents simple elementary rules of procedure which are binding upon all litigants.    The orders of the court duly made and entered and not appealed from must be obeyed, and especially where no reason or excuse is presented for failure to obey them.

It is only necessary to read the order directing the service of the bill of particulars and the answer made thereto by defendant to show that defendant fails to have in mind these elementary rules. Defendant having alleged in paragraph 8 of the answer that "It was understood and agreed between defendant and said Russo-Asiatic Bank that all sums received by defendant for the account of said Russo-Asiatic Bank should be credited to said Bank in general deposit account," etc., the order of the court at Special Term directed the defendant to serve a bill of particulars " specifying whether the agreement claimed in and by paragraph Eighth of the answer was oral or in writing; if oral, the time and place of the making of the same and the officers or representatives through whom the parties to the agreement acted in making the same; if in writing, setting forth copies of all writings claimed to constitute such agreement."

There is nothing unusual in this requirement.    Such particulars are applied for and granted continually in litigations pending before the court.    But I doubt if any litigant has heretofore served a bill of particulars in answer to such a requirement containing the bald statement made by the defendant here, verified by one of its officers: " 2. Paragraph ' Eighth: '    The understanding and agreement therein alleged was neither oral nor in writing."    And that is all, no explanation, no further statement, and on the plaintiff's complaint that defendant was simply flouting the order of the court, no affidavit is submitted by defendant in opposition to the order to preclude.    It is unnecessary to comment on this procedure

except to say that it should not be followed. It would seem that an agreement between parties, individuals or, corporations must be either oral or in writing or it is not an agreement; if it is claimed that the alleged agreement is implied from other transactions oral or written, then defendant was compelled to set out the facts; indeed in the order of preclusion the learned justice at Special Term as a matter of grace granted defendant a further extension of time in which to state " what the defendant intends to rely upon at the trial in support of such allegations." But defendant refuses to obey the order of the court; it has not taken advantage of the opportunity presented to it to relieve itself from its obvious unexcused default, but proceeds in its points submitted on this appeal to criticise the permission given to it as a matter of grace by the Special Term, to inform plaintiff upon what it intends to rely in support of this alleged agreement which is not oral or in writing, on the ground that the language used by the court is " ambiguous." We think the order appealed from in this particular was right and that it should be affirmed.

Defendant having alleged in the 9th paragraph of the answer that on October 27, 1920, there was a credit balance in favor of the Russo-Asiatic Bank, plaintiff's assignor, on transactions between the Shanghai branch and defendant, the court had directed the defendant to serve a bill of particulars " specifying the date when the ' transactions through the Shanghai office of said bank ' (Russo-Asiatic Bank) referred to in paragraph Ninth of the answer had their inception." Here is the answer to this direction as served by the defendant trust company: " 3. Paragraph ' Ninth.' The defendant is unable to ascertain the date of the first transaction handled by the defendant for the account of the Russo-Asiatic Bank through the Shanghai office of the Russo-Asiatic Bank, or the date of the first transaction handled by the Russo-Asiatic Bank through the Shanghai office for the account of the defendant." It is apparent that plaintiff did not get much information from this statement by defendant. Defendant in the 9th paragraph of its answer had pleaded transactions with the Shanghai office of the Russian bank resulting in a credit on October 27, 1920, to the Russian bank of $296,261.63 against which the defendant claimed the right to set off an indebtedness on transactions between the Petrograd office of the Russian bank and defendant amounting to $541,114.96. And when the defendant banking institution is directed to state when the transactions with the Shanghai branch had their inception it answers that it " is unable to ascertain the date." No explanation or excuse was offered on the motion to preclude. The learned justice at Special Term, realizing that

business is not transacted in this way in any line of industry, precluded defendant from offering evidence concerning this allegation. In this court defendant refers to ˙the answer to another requirement of the bill of particulars in regard to another paragraph of the answer where it was required to state when the " accounts kept by the defendant of its transactions " with various offices of the Russian bank had their inception. Of course, the particulars concerning the 7th paragraph of the answer were separate and distinct from the particulars directed concerning the 9th paragraph of the answer; in the one case the allegations referred to one thing, the opening of accounts by the defendant; in the other to the beginning of the " transactions " between the parties. The two things are different, and defendant evidently appreciates the distinction, because in its so-called bill of particulars concerning the 9th paragraph of the answer, it does not refer to the particulars relating to the 7th paragraph but states that it is " unable to ascertain " when the transactions resulting in this substantial balance began. The " transactions " may have commenced long before defendant's " accounts " had their inception. I think the learned justice at Special Term was justified in believing that defendant was not acting in good faith, because it is urged by respondent that there is an ulterior motive back of these evasions of the order for a bill of particulars. Defendant is relying on a defense that plaintiff's assignor, the Russo-Asiatic Bank, Shanghai Branch, did not exist at the date of the alleged assignment of the cause of action and was not capable of assigning the claim to plaintiff. And it ·is relying on so-called decrees of the Soviet government dated December 17, 1917, and January 26, 1918, " merging " all the banks in Russia into a so-called State bank.

It is not necessary on this appeal to be drawn into a discussion of the force of the so-called decrees of the Soviet government. In *Russian Reinsurance Company* v. *Stoddard* (211 App. Div. 132) the court says, through Hinman, J.: " To permit the acts and decrees of the Soviet *régime* to gain a validity quasi-governmental in this case would do ' violence to fundamental principles of justice ' and ' to our own public policy.' " (Citing *Russian Republic* v. *Cibrario*, 235 N. Y. 255, 264; *Sokoloff* v. *National City Bank*, 239 id. 158.) We are not called upon to pass upon these questions upon this appeal. The *date* when the *transactions* between the defendant and the Shanghai branch began had a material bearing on the issue here.

The third and last subject on the preclusion order relates to the second defense in the answer, which has been incidentally referred to.

In the 11th paragraph of the answer containing this defense the defendant pleaded:

" *Eleventh.* At the time of the alleged assignments referred to in the complaint, the alleged assignor did not exist and was not a corporate or other legal entity capable of suing or having or assigning a cause of action, but had been duly dissolved without survival for any purpose whatever, and title to all its property, rights and claims of whatsoever nature including the alleged causes of action sued on herein, had been theretofore duly acquired by an entity other than the plaintiff."

The order for the bill of particulars required defendant to specify:

"(2) With regard to the allegations contained in the said answer under the title ' *For a Second Separate and Complete Defense.*'

"(a) Specifying the date when defendant claims that plaintiff's alleged assignor ceased to exist, the date when defendant claims plaintiff's alleged assignor was duly dissolved and the date or dates when title to all its property, rights and claims of whatsoever nature were acquired by an entity other than the plaintiff and in what place the dissolution took place."

The defendant in response to this direction says:

" The defendant has been unable heretofore to ascertain the date when the plaintiff's alleged assignor ceased to exist, or the date when the plaintiff's alleged assignor was dissolved, or the date when title to all its property, rights and claims of whatsoever nature was acquired by an entity other than the plaintiff, or in what place the dissolution took place. The defendant has obtained copies of two decrees of the Russian Government, dated December 17, 1917, and January 26, 1918, respectively, merging all banks, theretofore organized under the laws of Russia, into the Russian State Bank and transferring to such State Bank all the property of said banks. The defendant intends to obtain further evidence with respect to the said allegations in paragraph ' Eleventh ' and does not intend to limit its proof to that heretofore obtained."

The order of preclusion limits defendant to the two Soviet decrees set out in the bill of particulars. The appellant's points in appealing from this provision are, to say the least, unusual. They say the second defense " is nothing more than a warning to the plaintiff of what *plaintiff* will be required to establish." They say these facts are peculiarly within the knowledge of the plaintiff. They say of the two Soviet decrees set out in the bill of particulars, that while the Soviet government has not yet been recognized by the United States, " this recognition may be accorded prior to the final determination of this suit and, if so, it would be retroactive."

But the justice who made the order for the bill of particulars (not appealed from) took things as they existed at the time. The defendant having been directed to furnish the dates of the alleged termination of the existence of plaintiff's assignor, pleads two Soviet decrees but tells the plaintiff and the court that it " does not intend to limit its proof to that heretofore obtained."

I think the court had properly limited it in this order of preclusion. If there are subsequent facts or circumstances to be pleaded, the law provides a way in which pleadings may be amended, but I have never heard of a defendant being permitted to evade an order for a bill of particulars by saying, " Here are your particulars, but I don't propose to be limited to them."

The respondent says he wishes to test the sufficiency of this so-called defense of the Soviet decrees by motion in advance of trial, but we are not interested in his intentions. In my opinion it was defendant's duty to comply in good faith with the order for the bill of particulars.

The appellant says in its points in this court that it may have other reasons for claiming that the Russian bank lost its corporate identity, but " The defendant desires further opportunity to investigate these points, and thought it reasonable to defer the expense of such investigation until notice of trial had been served. The action was begun in December, 1922, but no notice of trial was served until October, 1924," and appellant suggests that it be given more time. But no affidavit was submitted in opposition to the motion to preclude at Special Term.

The defendant, if its alleged inability to particularize could be supported by any facts, should have presented them at the time particulars were applied for. If aggrieved by an adverse decision on that point it should have appealed. If its failure to take any of these steps might still be excused it should have presented the facts in opposition to the motion to preclude. Defendant did none of these things. To have refused an order of preclusion at this stage would have amounted to putting a premium on the flouting of orders of the court.

The order should be affirmed, with ten dollars costs and disbursements.

Rich, Manning, Young and Kapper, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.