FIRST TRUST AND DEPOSIT COMPANY, Plaintiff, *v.* HARRY RUBIN and Another, Defendants.

Supreme Court, Onondaga County, May 10, 1935.

*Hiscock, Cowie & Bruce,* for the plaintiff.

*Bond, Schoeneck & King,* for the defendants.

CREGG, J. This is a motion to compel the plaintiff to furnish a bill of particulars concerning twelve different allegations of the complaint. Upon the argument of the motion the plaintiff consented to furnish the first, second, third, fifth, ninth, tenth, eleventh and twelfth requests. The seventh and eighth were rightly decided in favor of the plaintiff. (*American Transfer Co.* v. *Borgfeldt & Co.,* 99 App. Div. 470.) The sixth was modified by directing the plaintiff to state when and where the alleged contract was made and whether it was oral or written. So that the fourth demand is the only one remaining undecided. That demand reads as follows:

" Who in behalf of the plaintiff entered into the said agreement? "

The plaintiff seeks to reform a written contract on the ground that it was entered into either through mutual mistake or through mistake on the part of the plaintiff and fraud on the part of the defendants. It alleges that the written contract does not comply with a prior understanding and agreement between officers of the plaintiff and the defendants. The defendants in their answer deny that any such contract was ever entered into. They claim that they are in the dark concerning the officer or officers of the plaintiff through whom it claims such contract was made.

The object of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial. (*Elman* v. *Ziegfeld,* 200 App. Div. 494.)

In my judgment the court in the case of *Keyes* v. *Flint Co.* (69 App. Div. 141, 143, cited by the plaintiff) overlooked the fact that it might be necessary for an individual, in order not to be taken by surprise and to properly prepare his case against a corporation, to know the name of the officer or officers with whom the alleged contract was made. He might desire an examination before trial. If he did he would not know whom to examine. It is true that if the contract was made with either of the defendants in this case he would have personal knowledge of the officer with whom he dealt. If, upon the trial, the plaintiff offered evidence that such contract was made with some officer of the plaintiff with whom the defendants claimed they never had any dealings, then defendants might be taken by surprise and perhaps find themselves unable to properly present their defense.

In recent years the courts have been more liberal in directing bills of particulars in actions of this character. Such a bill of particulars was granted in *DeGumoens* v. *Equitable Trust Co.* (211 App. Div. 399). At page 401 the court said: " There is nothing unusual in this requirement. Such particulars are applied for and

granted continually in litigations pending before the court." (See, also, *Burndy Engineering Co., Inc.*, v. *Bridgeport Brass Co.*, 238 App. Div. 241.)

In my opinion plaintiff should furnish the name of the officer or officers with whom the alleged contract is claimed to have been made.

Order may be entered accordingly.