ALFRED MUSSINAN, Appellant, *v.* WILLNER WOOD COMPANY, Respondent.

*Bill of particulars — when ordered, where the defendant alleges that certain contracts could not be performed and others were not obtained because of the plaintiff's default.*

Where in an action brought to recover the purchase price of machinery sold by the plaintiff's assignor to the defendant, the answer contains a counterclaim for special damages growing out of the failure of the plaintiff's assignor to deliver the machinery within the contract period, and alleges that the defendant was thereby prevented from performing contracts which it had entered into with "various persons" and from obtaining large and valuable contracts which would have resulted in great gain to it, the plaintiff is entitled to a bill of particulars, specifying the names and addresses of the parties who were alleged to have made contracts with the defendant, or to have been willing to make such contracts.

APPEAL by the plaintiff, Alfred Mussinan, from so much of an order of the Supreme Court, made at the Kings County Special Term, bearing date the 18th day of November, 1901, and entered in the office of the clerk of the county of Kings, as fails to direct the defendant to furnish a bill of particulars of the damages alleged in the second counterclaim of the answer to have been sustained by the defendant, and from so much of said order as fails to direct the defendant to furnish a bill of particulars of the dates, details, items

and particulars of the agreements mentioned in paragraph 7 of said answer.

*Herbert A. Heyn,* for the appellant.

*George Coggill* [*Edward S. Thurston* with him on the brief], for the respondent.

WOODWARD, J. :

This action was brought to recover $4,397.62, the purchase price of certain tanks, boilers and other machinery sold by Struthers, Wells & Co., plaintiff's assignors, to the defendant corporation under a written contract. The answer admits the delivery of the goods, sets up an equitable counterclaim, and, as a second counterclaim, alleges that it has sustained damages aggregating $15,000 by reason of the failure of plaintiff's assignor to deliver the goods involved in the litigation within the time specified in the contract. The allegations of this second counterclaim, involving special damages, are that "the defendant was unable to complete its works at that place (Rahway, N. J.), to its great damage," and that "the defendant did enter into agreements with various persons to furnish them with wood carvings, planed wood, water and fire proof wood turned out under patented processes by means of the machinery referred to in the specifications, whereby it agreed to deliver within certain dates certain quantities thereof," and that by the fault of plaintiff's assignors the defendant "was unable to comply with the contracts entered into between it and the various persons with whom it had entered into contracts;" that "large quantities of valuable woods were destroyed," and that defendant "was prevented from obtaining large and valuable contracts which would have resulted in great gain to this defendant," etc.

The plaintiff demanded a bill of particulars, and upon the defendant failing to give the desired information, moved for a bill. The learned court at Special Term granted only so much of the relief asked for as related to the allegations of the quantity and value of the wood destroyed, and directed the defendant to furnish " details of the $352.38, part of the damages claimed to have been suffered by defendant, as set forth in its answer herein." There appears

to be no controversy in respect to this portion of the alleged damages; the complaint expressly credits the defendant with this amount, and defendant's answer claims to be entitled to the same, and the rule is settled by section 522 of the Code of Civil Procedure that each allegation of the complaint not controverted by the answer must, for the purposes of the litigation, be taken as true. It seems entirely clear, therefore, that the learned court has inadvertently caused an order to issue in respect to a matter which is already determined, while denying to the plaintiff the relief which would alone be of use; and we are of opinion that there has been no exercise of the judicial discretion in determining the question. A long line of authorities holds that where there is a demand for special damages, such as that alleged in the counterclaim now under consideration, the party sought to be charged is entitled to a bill of particulars giving the names and addresses of the parties who are alleged to have made contracts, or who are alleged to have been willing to make contracts, in order to prepare for the trial. (*Jacobs* v. *Water Overflow Preventive Co.*, 72 Hun, 637; 55 N. Y. St. Repr. 435, and authorities there cited; *Childs* v. *Tuttle*, 48 Hun, 228, 230, and authorities there cited; *Cheseborough* v. *Kimberly*, 24 N. Y. St. Repr. 807, and authorities cited; *Roberts* v. *Safety Buggy Co.*, 1 App. Div. 74; *Isaac* v. *Wilisch*, 69 Hun, 339, 340; *Justum* v. *Bricklayers' Union*, 78 id. 503; *Publishing Co.* v. *Steamship Co.*, 148 N. Y. 39.)

The order appealed from should be reversed, and the defendant should be ordered to give a bill of particulars, in substance as contended for by the appellant.

All concurred

Order reversed, with ten dollars costs and disbursements, and motion for bill of particulars granted, with ten dollars costs.