(87 App. Div. 289.)

### TREADWELL v. GREENE.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

**1. TRIAL—PLEADING—BILL OF PARTICULARS.**

Where plaintiff brought suit on a contract for services rendered in selling certain mines for defendant, and organizing a corporation to develop the same, defendant was entitled to a bill of particulars as to whether the agreements for compensation were written or oral, the date when they were made, and whether they were made directly with defendant, or through an agent.

Appeal from Special Term, New York County.

Action by George A. Treadwell against William C. Greene. From an order denying defendant's application for a bill of particulars, he appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

M. E. Harby, for appellant.

Charles M. Demond, for respondent.

INGRAHAM, J. The defendant applied for a bill of particulars as to 30 different allegations of the complaint. The court below ordered the plaintiff to specify whether the contract of employment set forth in the fourth paragraph of the complaint was oral or in writing, and whether said agreement was claimed to have been made and entered into by the defendant personally, or through his agent or attorney, and refused to grant the remainder of the relief applied for. The action is brought to recover the amount due to the plaintiff for services rendered to the defendant in selling certain mines specified in the complaint, in raising money thereon, and in selling the stock of a corporation, plaintiff alleging that the defendant promised him that, in consideration of such services, the defendant would give and transfer to the plaintiff a large and considerable interest (the exact amount to be subsequently fixed) in said mines, or in the stock of any corporation which might be organized to own and develop the same, or in the proceeds of any moneys or funds which the defendant might realize by virtue of his ownership or rights therein, which request the plaintiff accepted. The complaint then alleges that, pursuant to said employment and contract, the plaintiff rendered certain services, and that between October or November, 1898, and the 1st day of September, 1899, at various times, and pursuant to said original contract of employment, the defendant fixed the precise amount to which the plaintiff should be entitled in said mines and in said enterprise, and promised and agreed to and with the plaintiff that, in consideration of the services which had been rendered and which were to be rendered in the future pursuant to said contract, the plaintiff should have and receive an undivided one-tenth interest in all of the said mines and mining claims mentioned in paragraph 3 of the complaint, and in all other Mexican mines and mining claims which should be conveyed by or through the defendant to a corporation to be organized, or one-tenth of the capital stock of any corporation to which said mines should be transferred, or one-tenth interest in the proceeds thereof, should they be sold outright.

The complaint sets up a number of other agreements claimed to have been made with the defendant in relation to the compensation to be received by the plaintiff for the services rendered or to be rendered, and we think that the defendant is entitled to a bill of particulars stating whether these agreements alleged were in writing or oral, the date when made, and whether they were made directly with the defendant or through an agent. The complaint contains a number of allegations the relevancy of which is not apparent, but we think that the defendant is not entitled to the particulars of the plaintiff's claim, except to the extent indicated.

The order appealed from should be modified by directing the plaintiff to serve a bill of particulars stating whether the contracts or agreements alleged in the complaint were in writing or oral, the date

when such contracts or agreements were made, and whether the same were made personally by the defendant or through an agent; and, as thus modified, the order appealed from should be affirmed, without costs. All concur.