(98 App. Div. 95)

### ROYLE v. GOODWIN.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. PLEADING—BILLS OF PARTICULARS—ITEMS OF SPECIAL DAMAGE.

    In an action for breach of a contract whereby defendant was to produce a certain play owned by plaintiff, and to pay the latter royalties, where plaintiff alleged by way of special damages that the play had earned a high reputation, and that by reason of defendant's discontinuance of the play the public and theatrical managers had been led to believe that it was not a dramatic success, defendant was entitled to a bill of particulars stating at what cities and in what theaters and when the play had been successfully produced, the names of any members of the public who had been led to believe that the play was not a dramatic success, the names of theatrical managers who had been led to believe that the play was not a paying production, and also what damages plaintiff claimed to have sustained by reason of such facts.

Appeal from Special Term, New York County.

Action by Selena F. Royle against Nathaniel C. Goodwin. From an order denying a motion for a bill of particulars, defendant appeals. Modified.

The amended complaint alleges that the plaintiff was on December 12, 1903, the owner of a certain play known as "My Wife's Husbands"; that at that time she and its author, Edwin Milton Royle, entered into an agreement with the defendant by which the defendant agreed to produce the play during the theatrical season of 1903–04, and to pay royalties at the rate of 5 per cent. on the first $1,000 of the gross weekly receipts, and 7½ per cent. on all gross weekly receipts over and above that amount. The complaint then alleges a breach of this contract, in that, after producing the play for about four weeks, the defendant on January 9, 1904, ceased to produce said play, and refused to produce it thereafter. General damages for the breach of this contract are alleged to be the sum of $10,000. In addition, the plaintiff alleges, by way of special damages, that the play had earned a high reputation prior to the making of this contract; that, by reason of the defendant's discontinuance of the said play, the public at large and theatrical managers generally had been led to believe that the play was not a dramatic success, nor a paying the-

atrical production, and that its value had thereby been decreased or absolutely destroyed, to the plaintiff's further damage in the sum of $10,000.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Archibald F. Clark, for appellant.

William R. Wilder, for respondent.

PER CURIAM. The defendant was entitled to have a bill of particulars of the special damage claimed to have been sustained by the plaintiff. He was entitled to know at what cities and in what theaters and when the play, "My Wife's Husbands," had been successfully produced before the public. He was also entitled to know the names and addresses of any members of the public at large who had been led to believe that the play described in the amended complaint was not a dramatic success, and was not calculated to amuse and edify the public, by reason of the breach of the contract by the defendant. He was also entitled to know the names and addresses of the theatrical managers throughout the United States and Canada, and in other foreign countries, who have been led to believe that said play is not a paying theatrical attraction, and have been prevented from entering into contracts with the plaintiff for the production of said play by reason of said breach of said contract. He was also entitled to know what damages the plaintiff claims to have sustained by reason of the foregoing.

The order should be modified in accordance with these suggestions, and, as modified, affirmed, without costs.