(109 App. Div. 421)

KNICKERBOCKER TRUST CO. v. PACKARD.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

PLEADING—BILL OF PARTICULARS.

Plaintiff, an extensive banking corporation, with a board of 32 directors and a large number of officers and employés participating in its management, sued on a guaranty and certain certificates alleged to have been executed by defendant. He answered that the agreement and certificates were executed on the agreement with G. that they were not to be effective unless sufficient subscribers were obtained to a syndicate agreement to take the whole issue of the bonds of a certain corporation, and that, though sufficient subscribers were not obtained, the agreement and cer-

tificates were negotiated in violation of the agreement and transferred to plaintiff, of which defendant alleged on information and belief plaintiff had notice. *Held*, that plaintiff was entitled to a bill of particulars, stating whether such agreement was in writing, the name or names of plaintiff's officers or agent or agents to whom notice was given, the name of the person who gave the notice, and the time when and place where such notice was given.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 963.]

Appeal from Special Term, Erie County.

Action by the Knickerbocker Trust Company against Mark Packard. From an order denying plaintiff's motion for a bill of particulars, it appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

William L. Marcy, for appellant.

Joseph G. Dudley, for respondent.

SPRING, J. The action is brought to recover $8,263, and the complaint contains two distinct causes of action. One is a guaranty of an underwriting agreement entered into between the defendant and a corporation, known as the "Consolidated Industries Company," for the purpose of securing a loan from the plaintiff to said company, and duly assigned to the plaintiff, and the other on 10 certificates or notes alleged to have been executed by the defendant concurrently with the execution of the underwriting agreement and delivered to said company, by which they were negotiated with the plaintiff before their maturity and for value. The defendant in his answer alleges in brief that said agreement and certificates were executed upon the explicit agreement with one Garhart that they were not to be effective or operative unless and until sufficient subscribers were obtained to a so-called syndicate agreement to take the whole issue of $200,000 of bonds of the Consolidated Gas & Electric Company, of Batavia, N. Y.; that sufficient subscribers were not obtained to such agreement; that in violation of said agreement with Garhart said underwriting agreement was assigned and said certificates were delivered to said Industries Company, and by it to the plaintiff. The answer further avers upon information and belief that the plaintiff, as well as said Industries Company, "had full knowledge and notice" of the agreement and circumstances pursuant to which said guaranty and certificates were executed by the defendant. The plaintiff, by this application, endeavored to require the defendant to state whether the agreement with Garhart was oral or written, and also "the name or names of the officers, agents, or employés of the plaintiff to whom the knowledge, information, or notice was given which is averred in the amended answer of the defendant to have been given the plaintiff, and further setting forth the time when, the place where, and the person in plaintiff's service to or through whom notice was given plaintiff of the alleged agreement," and the name of each person who gave the notice. We think the plaintiff is entitled to the substance of the information sought by it.

The plaintiff is an extensive banking corporation, with a board of

32 directors and a large number of officers and employés actively participating in the actual management of its business affairs. Its assistant trust officer in his affidavit states that he had charge of all the negotiations connected with the loan secured by the obligations of the defendant, and had no information of the alleged agreement between the defendant and said Garhart. This officer also swore that he made diligent inquiries of the officers and agents of the plaintiff, and each denies that he possessed such information. The venue of the action is in the county of Erie, and, in order to guard against surprise, the plaintiff may be compelled to transport from New York a considerable number of its managing officers to be present at the trial, and still not be prepared to repel the proof of the defendant. The defendant has alleged upon information and belief that plaintiff had "full knowledge and notice" of the facts contained in the answer to the effect that the defendant was victimized and defrauded by Garhart. If he has information upon that important aspect of the case, he ought to disclose it. The plaintiff ought not to be left in the dark on what is, likely to be the turning point in the case.

Cases should be tried on their merits. Surprise, so far as possible, should be avoided. The unexpected production of important testimony is not ordinarily desirable. ·The bill of particulars is an enlargement of the pleading to advise the party with reasonable precision of the character of the claim or charge against him, so that he may be enabled to direct his preparation for the trial to the distinct issue. Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671. The fact that the name of the person must necessarily be disclosed in revealing the information is no real objection to the granting of the motion. Royle v. Goodwin, 98 App. Div. 95, 90 N. Y. Supp. 142; Riker v. Erlanger, 87 App. Div. 137, 84 N. Y. Supp. 69; Alleghany Iron Co. v. Chesapeake & O. R. Co., 69 App. Div. 87, 74 N. Y. Supp. 514; Dietz v. Leber, 33 App. Div. 563, 53 N. Y. Supp. 977. The person or persons connected with the plaintiff who possess the information claimed are not necessarily witnesses for the defendant. The knowledge possessed was acquired from some source, and whoever imparted it may testify on behalf of the defendant.

We also think that it is entirely reasonable that the defendant should disclose whether the agreement with Garhart, and upon which the defendant relies, was oral or written. Treadwell v. Greene, 87 App. Div. 289, 84 N. Y. Supp. 354. If in writing, the rights of the contracting parties will be determined by it, doing away with the necessity of verbal proof over its terms.

The order should be reversed, with $10 costs and disbursements of this appeal, and the motion granted, with $10 costs.

Order reversed with $10 costs and disbursements of this appeal, and motion granted, with $10 costs, by requiring the defendant to state whether the agreement between the defendant and Garhart was oral or written, and also by stating the name or names of the officers or agents of the plaintiff who possessed the knowledge or notice with which they are charged in the amended answer. The form of the order to be settled before SPRING, J., on two days' notice. All concur.