(115 App. Div. 403)

UNITED STATES PAPER CO. v. DE HAVEN.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. PLEADING—BILL OF PARTICULARS—PARTICULARS OF CAUSE OF ACTION.

Where, in an action on a written contract, defendant denies the making of such a contract, or any knowledge thereof, on a motion for a bill of particulars, he is entitled to a copy of the contract.

2. SAME.

Where, in an action by the purchaser against the seller for failure to deliver the goods, plaintiff alleged special damages by reason of inability to perform contracts whereby he had made sales of the goods, defendant was entitled to a bill of particulars giving the names and addresses of the parties to whom plaintiff sold.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 958, 962.]

Appeal from Special Term, New York County.

Action by the United States Paper Company against Hugh De Haven. From an order denying a motion for a bill of particulars, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

John E. Walker and John Hill Morgan (McKeen, Brewster & Morgan, on the brief), for appellant.

Charles Firestone (Jacob I. Wiener, of counsel), for respondent.

CLARKE, J. The complaint alleges that the plaintiff is engaged in the sale of metal twisted wire straps, amongst other things, and that the defendant is engaged in the manufacture of steel and iron box straps; that plaintiff and defendant entered into an agreement in writing wherein and whereby the defendant agreed to furnish the plaintiff twisted wire in cut lengths for a specified period at certain agreed prices; that plaintiff, relying on said agreement, sold and agreed to deliver a large quantity of box straps of such kind and nature as the defendant agreed to sell and deliver to the plaintiff, all of which

the said defendant had knowledge; that the said straps were sold to the plaintiff by the defendant at prices which left the plaintiff a wide margin of profit; that the defendant neglected and refused to comply with the terms of this agreement or to furnish to plaintiff said straps, and still refused and neglected to furnish the same; that the plaintiff, relying on said agreement, prepared itself to engage, and did engage, in the selling in large quantities of wire straps of such kind as the defendant agreed to furnish; that the plaintiff did sell a large quantity, and was able to sell a large quantity of wire straps, but was unable to carry out the sale or effect others on account of defendant's failure, neglect, and refusal to comply with said agreement; that on account of the condition of the wire strap market, and such condition being rendered so by the defendant, plaintiff was unable to obtain wire straps in cut lengths and was unable to fill its orders or continue in the strap business to the detriment, loss and damage to the plaintiff in the sum of $10,000, for which it demanded judgment. Defendant made a motion for a bill of particulars, which motion was denied, and from the order entered thereon this appeal is taken.

The defendant, having denied the making of the written contract alleged in the complaint or any knowledge of the terms thereof, is entitled to a copy thereof. Rhodes v. Adams, 113 App. Div. 304, 98 N. Y. Supp. 913. Plaintiff having alleged special damages in the complaint by reason of its inability to perform contracts made upon faith of the agreement with the defendant, the defendant is entitled to a bill of particulars giving the names and addresses of the parties who are alleged to have made contracts with it. Mussinan v. Willner Wood Co., 69 App. Div. 448, 74 N. Y. Supp. 1026. "The defendant was entitled to have a bill of particulars for a special damage claimed to have been sustained by the plaintiff." Royle v. Goodwin, 98 App. Div. 95, 90 N. Y. Supp. 142. Therefore the plaintiff should be required to give the names of the persons, firms, or corporations to whom it alleges it sold and agreed to deliver box straps, and with whom it engaged to sell box straps, as set forth in paragraphs 3, 4, 7, and 8, and a statement of the items of damage sustained, as set forth in paragraph 9 of the complaint, as to the orders it was unable to fill.

The order appealed from should be reversed, with $10 costs and disbursements, and a motion granted as indicated, with $10 costs. All concur.