ANSON HUSTED, Respondent, v. A. P. HUSTED COMPANY, Appellant.

Second Department, November 5, 1920.

Libel — complaint construed as in action on case — bill of particulars.

The complaint is not necessarily one for a libel and may be read as in an action on the case, though the words be not defamatory in their nature.

The defendant may ask for a bill of particulars, for special damages are pleaded.

APPEAL by the defendant, A. P. Husted Company, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 30th day of March, 1920, overruling the defendant's demurrer to the amended complaint.

Action to recover damages by reason of the publication and circulation of certain articles caused to have been written by defendant concerning plaintiff's business.

*Winfield L. Morse* [*John J. Sinnott* with him on the brief], for the appellant.

*Charles A. Dryer*, for the respondent.

JENKS, P. J.:

The learned counsel for the defendant moved as if the complaint was for a libel. I find no indication that such was the view of the learned Special Term. And I am of opinion that it was not necessary to construe the pleading thus. The complaint may be read as in an action on the case, though

the words be not defamatory in their nature. (*Morasse* v. *Brochu*, 151 Mass. 574; *J. A. & R. A. Reid* v. *Prov. Journal Co.*, 20 R. I. 120, 124.)

As the learned Special Term suggests, the defendant may well ask a bill of particulars, for special damages are pleaded. (*Mussinan.* v. *Willner Wood Co.*, 69 App. Div. 448; *Post-Express Printing Co.* v. *Adams*, 55 Hun, 35; *Royle* v. *Goodwin*, 98 App. Div. 95.)

The order is modified by striking out the provision for $10 costs of the motion, and as modified it is affirmed, with $10 costs and disbursements.

MILLS, RICH, PUTNAM and KELLY, JJ., concur.

Order modified by striking out the provision for ten dollars costs of the motion, and as modified affirmed, with ten dollars costs and disbursements.