MISCHA ELMAN, Appellant, *v.* FLORENZ ZIEGFELD, JR., Respondent.

First Department, March 17, 1922.

Pleadings — bill of particulars — action to recover damages for breach of contract to pay plaintiff for composing music for opera — complaint alleged tender of music and refusal to accept — answer put tender in issue — defendant not entitled to bill of particulars showing copy of music — party not required by bill of particulars to disclose evidence.

In an action to recover damages for a breach of a contract whereby the defendant agreed to pay the plaintiff stipulated royalties for his services in originating, composing and writing a complete score and orchestrating the same for a light opera, to be based upon a book and lyrics thereof to be furnished by the defendant, in which the plaintiff alleged a tender of the music to the defendant to the extent of the lyrics furnished him by the defendant, and a refusal on the part of the defendant to receive and accept the music from the plaintiff, the defendant is not entitled to a bill of particulars showing a copy of the music for the lyrics which the plaintiff alleged that he tendered to the defendant or a copy of the complete score and orchestration originated, composed and written by the plaintiff.

The music, score and orchestration is the evidence on which the plaintiff relied to show performance on his part and the defendant cannot be taken by surprise on the trial when this evidence is offered, for he has been informed by the complaint that the plaintiff intends to show, as a basis for the right to recover damages, that his work and production were in accordance and constitute a compliance with the contract, and, therefore, the case falls plainly within the rule that a party will not be required by a bill of particulars to disclose his evidence.

APPEAL by the plaintiff, Mischa Elman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of December, 1921, granting defendant's motion for a bill of particulars in so far as it requires plaintiff to annex to the bill of particulars ordered a copy of the music which he claims to have tendered to the defendant and a copy of the complete score and orchestration which he claims to have originated, composed and written as alleged in the 3d paragraph of the complaint.

*Phillips, Jaffe & Jaffe* [*Benjamin Jaffe* of counsel], for the appellant.

*Hirsch, Sherman & Limburg* [*Herbert R. Limburg* of counsel; *Walter A. Hirsch* with him on the brief], for the respondent.

LAUGHLIN, J.:

This is an action to recover $100,000 damages for breach of a contract in writing made between the parties on the 12th of April, 1920. The contract is made part of the complaint. It is recited therein that the defendant desired to secure the services of the plaintiff to originate, compose and write a complete score and to orchestrate the same for a light opera of a popular type to be based upon a book and lyrics thereof to be furnished by defendant, and was desirous of acquiring the sole and exclusive right, license and privilege to produce and represent the operetta upon the stage throughout the world, and the plaintiff desired to perform such services and to grant such license and privilege. By the contract, so far as here material, the plaintiff agreed so to compose, originate and write a complete score and to orchestrate the same, and to deliver the completed score and orchestration within four months after the delivery to him of the book, unless for unavoidable reasons he should be unable so to do, and in that event he agreed to deliver them within two additional months and in consideration of the agreements on the part of the defendant he also agreed to give the defendant a license and privilege as so desired; and the defendant agreed to deliver the book and lyrics on or before August 1, 1920, and to pay the plaintiff a royalty of three per cent of the gross weekly receipts from the performance and representations of the operetta based upon the weekly box office receipts, the payments to be accompanied by true and itemized statements of such receipts certified by the treasurer and countersigned by the manager of the respective theatres where the performances and representations were given, and to make such payments within five days of the end of the week during which a performance or representation was given, and to pay plaintiff as a bonus $10,000, as therein provided.

The plaintiff alleges that the defendant failed to deliver the book and lyrics within the time specified in the contract, but thereafter delivered the book, and from time to time delivered a number of lyrics constituting all of them with the exception of about three; that he wrote the music for the lyrics so furnished and repeatedly requested delivery of the remaining lyrics and offered to write the music therefor, and offered and tendered to the defendant the music for the lyrics which defendant had furnished, and duly offered and tendered to defendant a complete score and orchestration originated, composed and written by him for a light opera of a popular type based upon the book furnished by defendant " and complete in every respect, in accordance with the terms of the said agreement, with the exception of the music for the said missing lyrics, about three in number, which the defendant failed to furnish to the plaintiff, after repeated demand," but that defendant failed, refused and neglected to furnish and deliver the missing lyrics so as to enable the pla'ntiff to write the music therefor, and failed, refused and neglected to accept from plaintiff the music which plaintiff had written for the lyrics furnished by defendant, and failed and neglected to receive from plaintiff the score and orchestration for the light opera of a popular type based upon the book so furnished to plaintiff, and complete in every respect, with the exceptions stated, and notified and informed plaintiff that he did not intend to accept either the music or the score and orchestration, and did not intend to and would not produce the operetta in accordance with the agreement. It is further alleged that plaintiff duly performed all the terms, covenants and conditions of the contract on his part, excepting in so far as performance was prevented by the defendant in the particulars stated, and that the defendant has failed, refused and neglected to perform, and that by reason of the premises plaintiff has suffered damages in the sum of $100,000, for which he demands judgment.

The answer admits the making of the contract and the delivery to the plaintiff of the book and lyrics as alleged, and puts in issue the other material allegations of the complaint, and alleges a counterclaim for $20,000, consisting of $10,000 alleged to have been paid as a bonus under the contract, and expenses and obligations incurred by the defendant. The reply admits the payment of the bonus, but puts in issue the other material allegations of the counterclaim.

The appellant insists that he should not be required to annex to the bill of particulars a copy of the music for the lyrics which he tendered to the defendant or a copy of the complete score and

orchestration originated, composed and written by him for a light opera of a popular type based on the book furnished by defendant which he likewise duly offered and tendered to the defendant; and it is contended in his behalf that the order in these respects is objectionable not only on the ground that it requires him to furnish his evidence by which he expects to show performance of the contract on his part, but also for the reason that it, in effect, requires full execution of the contract by him after the defendant has wholly repudiated the contract and refuses to accept the music and score and orchestration for the purpose of the contract, and has announced that he will not represent and produce the operetta. The only reason assigned by defendant for desiring these copies is to enable him to have the copies examined by experts with a view to showing that the music and score and orchestration, which plaintiff claims to have originated, composed and written and tendered to defendant, were not in compliance with plaintiff's agreement. The defendant, however, denies that they were tendered to him and, therefore, he cannot claim that he rejected them on that or any other ground. If, as defendant claims, the music or score or orchestration, if originated, composed and written by plaintiff, were not tendered to him as required by the contract, then it is quite immaterial whether a tender of delivery thereof to defendant would have constituted due performance by the plaintiff, because the contract expressly required the plaintiff to deliver the music, score and orchestration to the defendant within a specified time, and he alleges and must show performance or fail in his action.

The object of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial by enabling him to know definitely the claim which he is called upon to meet (*St. Albans Beef Co.* v. *Aldrich,* 112 App. Div. 803; *Lynch* v. *Dorsey,* 98 id. 163; *Alleghany Iron Co.* v. *Chesapeake & Ohio R. Co.,* 69 id. 87; *Fruin-Bambrick Construction Co.* v. *Marks,* 48 id. 51); and in furtherance of these objects the courts are quite liberal in requiring a party to furnish his adversary all necessary information to limit the scope of the evidence on the trial and to enable him to know definitely what he intends to claim under his pleading. If a claim be predicated on an agreement not set forth, the adverse party is entitled to have it stated in a bill of particulars whether the agreement is in writing, and if so, to have a copy thereof set forth, and if not in writing, to have the substance thereof stated (*Knickerbocker Trust Co.* v. *Packard,* 109 App. Div. 421); and where the claim is against a corporation, the name of the officer or agent with whom it will be claimed the agreement was made

32

(*Allcghany Iron Co.* v. *Chesapeake & Ohio R. Co., supra*); where the action is for slander, the name of at least one in whose presence it will be claimed the slanderous words were uttered will be required to be given (*Stiebeling* v. *Lockhaus,* 21 Hun, 457; *Rowe* v. *Washburne,* 62 App. Div. 131); where in an action on a life insurance policy it is claimed that the policy is void for misrepresentations by the assured with respect to his having obtained other insurance, or having made other applications for insurance, or having been examined therefor, the names of the companies or persons to whom the applications were made or by whom the examinations were made will be required to be stated; and where loss of customers or loss of benefit of a contract is claimed, the names of the customers or persons with whom the contract for the resale is claimed to have been made may be required to be given, notwithstanding the fact that such requirement compels the disclosure of the names of the party's witnesses, for the reason that it is deemed necessary in order that the adverse party may not be taken by surprise and unable to meet such testimony on the trial (*Taylor* v. *Security Mutual Life Ins. Co.,* 73 App. Div. 319; *Bell* v. *Heatherton,* 66 id. 603; *Moore* v. *American Molasses Co.,* 179 id. 505); and in other instances the court exercises its very broad powers with respect to requiring bills of particulars (See *Tilton* v. *Beecher,* 59 N. Y. 176) as the interests and due administration of justice seem to require.

The case at bar, however, does not fall within the ordinary rule, and on the position taken by the defendant in his answer, by which he denies that there was any tender of delivery of the music or score and orchestration, he needs no bill of particulars. The music, score and orchestration is the evidence on which the plaintiff relies to show performance on his part, and the defendant cannot be taken by surprise on the trial when this evidence is offered, for he has already been informed by the complaint that the plaintiff intends to show, as a basis for the right to recover damages, that his work and productions were in accordance and constituted a compliance with the contract, and, therefore, the case falls plainly within the rule that a party will not be required by a bill of particulars to disclose his evidence. (*Barone* v. *O'Leary,* 44 App. Div. 418; *Slingerland* v. *Corwin,* 105 id. 310; *Pruyn* v. *Ecuadorian Assn., Ltd.,* 94 id. 195; *Kellogg* v. *Griffiths,* 124 id. 513.) It will be observed that the defendant does not contend that the nature of the plaintiff's claim with respect to the music or score and orchestration is not set forth with sufficient particularity to enable him to meet it or that there is danger that he will be taken by surprise on the trial, but merely that he wishes to have experts

examine the music, score and orchestration in the hope, but without any evidence to justify the expectation, that he may be able by their testimony to disprove the plaintiff's claim or to present an issue of fact on the trial. Possibly the defendant may be entitled to an inspection of the music, score and orchestration under the provisions of section 324 of the Civil Practice Act, which are a re-enactment of section 803 of the Code of Civil Procedure, and the authorities construing those statutory provisions; but the only point now presented for decision is whether these provisions for a bill of particulars are proper, and we hold that they are not and should be eliminated from the order.

It follows that the order, in so far as appealed from, should be reversed, with ten dollars costs and disbursements, and the order for the bill of particulars modified accordingly.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and order for bill of particulars modified in accordance with opinion.