CAROLINE AIELLO, Plaintiff, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

CAROLINE AIELLO, Individually and as Administratrix of the Estate of NATALE AIELLO, Deceased, Plaintiff, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Herkimer County, June 3, 1932.

*Edmond J. Fitzgerald [Salvatore J. Capacelatro* of counsel], for the plaintiff.

*Foley & Guile [Woodward W. Guile* of counsel], for the defendant.

DOWLING, J.   It is alleged in the complaint:  " * * *   That on or about September 8th, 1930, the defendant for a a good and valuable consideration executed and delivered to said Natale Aiello a certain policy or certificate of insurance #1052972 for $1000.00 face amount payable on the death of the assured.   That said policy in addition to the amount payable on the death of the assured carried an additional accidental death benefit provision in the amount equal to the life clause, to wit, $1000.00.   That by virtue of said policy the defendant promised to pay to Caroline Aiello, beneficiary, the additional amount equal to the face amount immediately upon receipt of due proof that the death of the insured during the continuance of said policy, while there was no default in the payment of premium, as a result directly and independently of all other causes of bodily injury effected solely through external, violent and accidental means of which there was a visible contusion or wound on the exterior of the body and that such death occurred within ninety days after the accident.   * * *   That on or about November 12th, 1930, and during the valid continuance of said policy, the insured Natale Aiello died solely by reason of external, violent and accidental means of which there was a visible wound or contusion on the exterior of the body.   That said death occurred within all provisions of the policy whereunder the defendant had agreed to pay the accidental death benefit provision.   That said manner of death was not within any of the exceptions in the accidental death provision of said policy.

" That after the death of said Natale Aiello and on or about the 24th day of November, 1930, the plaintiff Caroline Aiello duly presented and furnished to the defendant due proof of the death of the insured and of the manner thereof.   * * * " "

The complaint, in action No. 2, contains allegations similar to those quoted from the complaint in action No. 1, except that the policy mentioned in action No. 2 is for $500, and was issued May 5, 1930.

The defendant has answered in both actions, denying liability for the payment of the accidental death benefits for which recovery

is sought upon the ground that the insured, Natale Aiello, did not die of "bodily injuries solely sustained through external, violent and accidental means" according to the policy conditions. Another defense is pleaded in each action which need not now be considered.

Defendant moves for a bill of particulars as follows:

"1. Whether Natale Aiello, referred to in the complaint, died of mushroom poisoning or other poisoning.

"2. If the answer to the first demanded particular is 'mushroom poisoning,' then whether said Natale Aiello partook of and ate said mushrooms or some portion thereof.

"3. If the answer to the first demanded particular is 'mushroom poisoning' and the answer to the second demanded particular is that the said Natale Aiello partook of and ate said mushrooms or some portion thereof, than

"(a) The place from whence and the date on which the mushrooms referred to in the complaint were obtained.

"(b) The particular kind or species of said mushrooms.

"(c) The particular poisonous qualities and characteristics of said mushrooms.

"(d) The particular place where and the precise day and hour upon which the said Natale Aiello partook of and ate said mushrooms.

"(e) The approximate quantity or amount of said mushrooms which the said Natale Aiello partook of and ate.

"(f) Whether said mushrooms were raw or cooked at the time the same were partaken of and eaten by said Natale Aiello.

"(g) If said mushrooms were cooked, the method used in cooking the same.

"(h) Whether or not other foods and liquids were consumed by the said Natale Aiello at the time and place that he partook of and ate said mushrooms.

"4. If the answer to the first demanded particular is 'other poisoning,' then

"(a) The place from whence and the date on which such 'other poison' was obtained.

"(b) The particular kind of such 'other poison.'

"(c) The particular poisonous qualities and characteristics of such 'other poison.'

"(d) The quantity of such 'other poison.'

"(e) Whether such 'other poison' was administered internally to said Natale Aiello and if so, the place and the day and hour of the administration thereof.

"5. The particular wounds or contusions upon the exterior of the body of the said Natale Aiello, with the number of each wound

or contusion and the exact location or locations thereof on said body.

"6. The particular place where the said Natale Aiello was at the time of his death and the day and hour thereof."

Plaintiffs allege that the death of the assured, Natale Aiello, "resulted solely through accidental, violent and external means, to wit, *mushroom poisoning* or *poisoning*." From this allegation one cannot determine definitely whether the insured's death was caused solely by some form of mushroom poisoning or from some other kind of poisoning.

The plaintiffs say that they gave the cause of death in the proofs of death and that this is all sufficient. The proofs of death assign the cause of death as follows: "*Contributory Causes* — (a) *Acute Gastritis and Toxæmia.* (b) *Eating of poisonious or decayed mushrooms.*" Gastritis is the inflammation of the stomach, especially, of its mucous membrane, while toxæmia is a form of blood poisoning. From this information, defendant cannot determine what plaintiffs will claim was the exact cause of death. If the death resulted from a combination of gastritis, toxæmia and mushroom poisoning, plaintiffs cannot recover. The poisoning, whatever it was, must have been the sole procuring cause of death. Even if the proofs of death gave mushroom poisoning as the sole procuring cause of death, they would not impair defendant's right to a bill of particulars. "The object of a bill of particulars is to confine the plaintiff to the items contained in it; * * * The preliminary proofs and adjustment of loss do not accomplish the same purpose." (*Cockroft* v. *Atlantic Mutual Insurance Company*, 22 N. Y. Super. Ct. [9 Bosw.] 681, 682.) A bill of particulars "serves merely to explain and make definite the allegations set forth in the pleading and thus limits the proof to be offered at the trial." (*Harmon* v. *Peats Co.*, 243 N. Y. 473, 476.)

Defendant is entitled to know the specific kind of poisoning plaintiffs will claim was the sole procuring cause of insured's death. If plaintiffs assign mushroom poisoning as the sole procuring cause of death, they will not be required to designate the particular kind of mushroom which caused such poisoning. But they will state the means by which the poison penetrated the body of the insured, whether by eating, by administration, or by contact, also the date when, and locality where, the insured suffered such poisoning.

If plaintiffs assign some poisoning, other than mushroom poisoning, they will state the specific kind of poisoning, the means by which it penetrated the body of the insured, whether by eating, by administration, or by contact, also the date when, and the locality where, the insured suffered such poisoning. To this extent,

only, need the plaintiffs particularize. The furnishing of these details will narrow the issues and prevent surprise upon the trial. (*Elman* v. *Ziegfeld*, 200 App. Div. 494, 497.)

The charge of defendant's lack of good faith in making this motion collapses upon the body of this decision.

Ordered accordingly, with ten dollars costs of motion, in one case only.