JACOB GREENBERG, Respondent, v. LENA SCHWARTZ, Appellant.— In an action to remove a cloud on title, defendant appeals from a judgment entered in favor of plaintiff. Judgment unanimously affirmed, with costs. The fact that plaintiff executed the mortgage which he now seeks to remove as a cloud on title does not deprive him of the right to maintain the action. (*Stokes* v. *Houghton,* 16 App. Div. 381.) Although this action was commenced eleven years after the execution and delivery of the mortgage, it is not barred by the Statute of Limitations. Where the action is brought by an owner in possession, the right is a continuing one which may be asserted at any time during the existence of the cloud. A different rule applies where the action is by an owner not in possession. (*Ford* v. *Clendenin,* 215 N. Y. 10.) Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.

JULIUS HAINBACH, Doing Business under the Name of INLAND FEATHER COMPANY, Respondent, v. YORK FEATHER & DOWN CORP., Appellant.— In an action to recover damages for breach of warranty in the sale of goose down by defendant to plaintiff for manufacture of pillows, order limiting defendant's demand for a bill of particulars to items 1, 2, 3, 4 and 14 of the demand, modified on the law and the facts, by providing that plaintiff be required, in addition, to furnish the particulars sought in item 5, except the date and place of manufacture of the pillows; item 9, except plaintiff shall not be required to furnish copies of agreements entered into between him and his customers, or to state the identity of the buyer or buyers to whom he resold pillows; and item 13. As so modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to appellant. The particulars are to be served within twenty days after the entry of the order hereon. The time of the alleged discovery of the breach of warranty and of notification thereof to defendant, together with the notice itself, sought in item 13, in relation to the time of the sale and warranty, are essential elements to the cause of action. The matters in items 5 and 9, insofar as allowed herewith, cover the claims of special damage and may affect the computation. Names and addresses of customers with whom plaintiff had contracted for the sale of the pillows, which contracts plaintiff claims he could not perform because of defendant's breach, may not be withheld on a claim that it would disclose evidence or witnesses. (*Mussinan* v. *Willner Wood Co.,* 69 App. Div. 448, 450; *United States Paper Co.* v. *De Haven,* 115 App. Div. 403, 404; *Santoro* v. *Star & Crescent Milling Co.,* 244 App. Div. 750.) Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.