S. Samuel Di Falco, S.
In a proceeding for a determination of the validity of an election filed by the testator’s widow the court is asked to modify a demand for a bill of particulars to be furnished by the widow with respect to the allegation of her answer that their antenuptial agreement was cancelled by mutual consent between the decedent and the wife. The demand requests the ‘ ‘ names and addresses of any and all persons other than decedent or respondent” who were present when the “ conversations ” and the “ agreement ” were had and made.
This court is of the opinion that in this case it must depart from the usual rule that it is not the proper function of a bill of particulars to disclose the names and addresses of persons present at the making of an alleged oral agreement (Szarf v. Blumenfeld, 5 A D 2d 887). In those cases the moving party usually has equal knowledge with the respondent concerning the facts sought (Snitow v. Central Coal Co., 241 App. Div. 756).
Here one party to the oral agreement is dead and the petitioners are not on equal footing with the widow with regard to the agreement she has pleaded. They have shown the unusual facts necessary to show that this is an exceptional case in which the petitioners are entitled to the names and addresses demanded.
The respondent’s motion to modify is granted to the extent of striking from items “ 1 ” and “2” the words “ and the substance of the statements, if any, made by such other persons ”. In all other respects the motion is denied.