Caroline K. Simon, J.
On December 14, 1962 claimant herein duly filed a claim to recover damages for breach of a highway construction contract in which it seeks to recover the sum of $561,019.32 with appropriate interest. The claim is predicated on the reasonable value of work, labor and materials furnished and expenses incurred in connection therewith as a result of the defendant’s alleged active interference and disruption of the orderly completion of the contract, all stated by claimant to have been in violation of the terms of said contract. Claimant, in addition, seeks the return of bonds of the par value of $100,000 deposited with the Comptroller pursuant to section 139 of the State Finance Law to secure the release of and to stand in lieu of retained percentages earned under the contract. Annexed to the claim are Schedules A through K, in which claimant provides a breakdown of the items of damages comprising the total damages sought in eight separate and distinct causes of action. The claim covers 29 pages.
On September 18, 1963 defendant duly served claimant with a demand for a verified bill of particulars. On June 2, 1964 a verified bill of particulars was served in response to the aforesaid demand. Defendant, by notice of motion filed June 10, 1964, seeks an order precluding claimant from giving evidence at the trial of the claim in relation to certain items of the demand as to which defendant claims the bill is insufficient. Claimant cross-moves to vacate that portion of the demand that is the basis of the defendant’s motion to preclude, or in the alternative to order the defendant to accept claimant’s bill as served.
Defendant’s motion comprises two distinct elements. First, defendant seeks to compel claimant to “ set forth the names of men consisting the additional labor furnished and give the total earnings of each man earned during the calendar year up to the time that the additional labor was performed ’ ’ in connection with the claim for additional payroll insurance contained in Schedules A through J heretofore referred to.
Second, in regard to equipment listed in Schedules D through F and H through J defendant seeks to compel claimant to *515 “ itemize and describe the equipment which is the subject matter of the claim, giving the dates each piece of equipment was idle, the purchase price of each piece of equipment, the date each piece of equipment was purchased, from whom each piece of equipment was purchased; if any equipment was sold * * * the date it was sold, the selling price, and to whom each piece of equipment was sold. In regard to equipment owned by the claimant, the basis upon which depreciation is taken in Internal Revenue returns.” Defendant also seeks information relating to ‘1 the period of retention and employment of each item of plant and equipment in the performance of the work after December 31, 1959 * * * the rate claimed for each piece of equipment and * * * the basis used for said rate * * * in the event any of the equipment for which claim is made was rented equipment, from whom rented, the period rented, and the price paid therefor, giving dates and addresses of companies from whom rented.”
Before attempting to evaluate the demand and the bill furnished in response thereto, in relation to the items for which defendant seeks to preclude the giving of evidence at the trial, a concise restatement of the applicable legal principles involved is in order.
The primary purpose of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial by enabling him to know definitely the claim which he is called upon to meet. (Elman v. Ziegfeld, 200 App. Div. 494, 497, cited with approval in Solomon v. Travelers Fire Ins. Co., 5 AD 2d 1017.)
“In furtherance of these objects the courts are quite liberal in requiring a party to furnish his adversary all necessary information to limit the scope of the evidence on the trial and to enable him to know definitely what he intends to clain under his pleading.” (Elman v. Ziegfeld, supra, p. 497.)
The scope of the bill of particulars is limited to matters on which the party upon whom demand is made has the burden of proof and it is not to be used for the purpose of obtaining evidence, since appropriate pretrial discovery procedures are available under article 31 of the CPLR. (Weinstein-KornMiller, N. Y. Civ. Prac., pars. 3041.07, 3041.11 and cases cited in the footnotes appended thereto.)
A test by which to judge the application of these rules is that suggested by Weinstein-Korn-Miller (3 N. Y. Civ. Prac., par. 3041.11); namely, “a rough formula * * * predicated on the volume of information requested and whether furnishing it will limit the issues and assist in their crystallization or whether *516 the information appears- to he sought for purposes of trial preparation.”
The application of the aforesaid gauge to each of the items as to which defendant seeks to preclude claimant from offering proof at the trial compels the court to deny defendant’s motion in its entirety and to grant claimant’s cross motion to vacate defendant’s demand insofar as it comprises the subject of its motion.
The bill of particulars furnished defendant contains an itemization of each day that each laborer by name worked, his wage rate and job classification and the number of hours each man worked each day, with respect to the first category of information sought. Defendant would have claimant provide information as to the total wages each man earned during the calendar year up to the time that the additional labor was performed. This latter additional information clearly falls out-. side of the scope of defendant’s bill, since the claim seeks as damages only the reasonable value of such additional labor claimant alleges was required because of defendant’s interference with the performance of the contract. Defendant’s argument that the information requested is essential so that the defendant may know the amount of social security insurance paid to each worker, therefore, is not persuasive. Such information constitutes evidence and is properly the subject of pretrial discovery.
It is noteworthy that this court has taken a consistent position that the disclosure provisions of article 31 of the CPLB are available to claimants as a matter of law in this court. (Peters v. State of New York, 41 Misc 2d 980, following Di Santo v. State of New York, 41 Misc 2d 601.) Both logic and justice compel the conclusion that the State is afforded equal opportunity to avail itself of these broad procedures, and it may not be heard to complain of prejudice or surprise if it deems it more expedient to forego using them.
Moreover, viewed in light of the claim and bill furnished, the additional information sought would place an unreasonable and oppressive burden on claimant. (See American Assoc. Enterprises v. Ungerman, 10 A D 2d 758.)
With respect to the second category of information sought, claimant in its bill has furnished the period that additional equipment was used, has identified the equipment and has specified a monthly rental rate for such additional use of the equipment to which it believes it is entitled. The cost of each item of equipment, and information pertinent thereto, such as date of purchase and from whom purchased, is not properly the *517 subject of a bill of particulars where damage is based on the reasonable value of materials furnished. (American Assoc. Enterprises v. Ungerman, supra.) The same conclusion must be reached as to the sales price of each item of equipment and information pertinent thereto. Neither of these factors constitutes proper proof of reasonable market value, and defendant could readily object to any offer of such proof at the trial. Since a reasonable breakdown of the rate for each item of additional equipment actually utilized by claimant has been furnished, defendant has obtained all that it is properly entitled to, other than by appropriate pretrial procedures available under article 31 of the CPLR previously discussed as well as in a pretrial conference.
Such a pretrial conference at which time the elements of damage sought by claimant can be grouped together for prompt and effective disposition at the trial seems a more effective procedure in this instance particularly because claimant in the bill of particulars several times has stated its willingness to open its books for examination by the State’s auditors.
Claimant is directed to submit appropriate orders on three days’ notice of settlement.