■ JULIET P. MASS, Respondent, v. MANHATTAN LIFE INSURANCE COMPANY OF NEW YORK, Appellant.— In an action to recover death benefits under a life insurance group policy, the defendant insurer appeals from two orders of the Supreme Court, Kings County: (1) an order, dated July 20, 1964, which denied its motion to direct plaintiff to serve a bill of particulars in response to its prior demand therefor; and (2) an order, dated July 24, 1964, which denied its motion for leave to serve interrogatories upon plaintiff with respect to the same particulars. Order dated July 20, 1964, reversed, without costs, and motion for the bill of particulars granted. Plaintiff is directed to serve her bill of particulars pursuant to defendant's demand within 30 days after entry of the order hereon. Appeal from order of July 24, 1964 dismissed, without costs, as academic. The issue in dispute is whether the insured satisfied certain conditions precedent to the commencement of coverage on his life under the policy. The insured died one day after the certificate of insurance under the policy was issued. To be eligible for coverage under the policy the insured must have been " actively at work performing all the duties of his employment." Defendant demanded particulars of the names, addresses and business relationships of the people who plaintiff claims had communication with the insured on the day the certificate was issued and on the day the insured died, and a description of the functions of the insured's employment performed by him on those days. In our opinion, it is clear that the primary purpose of the demand for the particulars sought was not to compel plaintiff to disclose her evidence or the names of her witnesses, but to obtain information which would amplify her complaint, limit her proof and prevent surprise on the trial. Plaintiff having alleged that the insured performed all conditions precedent to commencement of coverage under the policy, plaintiff should be required to furnish the particulars requested (*Hyman* v. *Bisceglia,* 8 A D 2d 617; *Mutual Life Ins. Co. of N. Y.* v. *Tailored Woman,* 276 App. Div. 144). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.