Edward S. Conway, J.
The plaintiffs made a request to this court for reconsideration of its decision "by opinion mailed December 22, 1971 in the above-entitled action and submitted certain cases in support of its request, some of which decisions are considered in this supplemental opinion.
In 1958 the Appellate Division, Second Department, in Szarf v. Blumenfeld (5 A D 2d 887) stated: “Item 11 ’ is improper because it seeks the names of witnesses present at the making of an alleged oral agreement of joint venture. This is not a proper function of a bill of particulars (Wilson & Baillie Mfg. Co. v. Dummary, 140 App. Div. 838).”
A 1910 decision was cited for the authority of the statement.
It was stated in Matter of Cohn (41 Misc 2d 36, 37):
“ This court is of the opinion that in this case it must depart from the usual rule that it is not the proper function of a "bill of particulars to disclose the names and addresses of persons present at the making of an alleged oral agreement (Szarf v. Blumenfeld, 5 A D 2d 887). In those cases the moving party usually has equal knowledge with the respondent concerning the facts sought (Snitow v. Central Coal Co., 241 App. Div. 756).
“ Here one party to the oral agreement is dead and the petitioners are not on equal footing with the widow with regard to the agreement she has pleaded. They have shown the unusual *932 facts necessary to show that this is an exceptional case in which the petitioners are entitled to the names and addresses demanded.”
This court is of the opinion that the case before it is also an exceptional case in which the defendants are entitled to the names and addresses of any persons who were with the plaintiff at the time the dog bite occurred. The court will take judicial notice, and all parties I am sure will agree, that if the dog knew the names and addresses of the witnesses, the dog would not tell the defendants.
The decision cited by the plaintiffs in Hayes v. Utica Mut. Ins. Co. (24 A D 2d 829) does not change the opinion of this court that this case falls within the exceptions applicable to the giving of the names of witnesses in a bill of particulars.
In support of plaintiffs’ second contention that it is not the province of a bill of particulars to set forth the evidence by which a party proposes to prove his claim, the plaintiffs cite State of New York v. Horsemen’s Benevolent & Protective Assn. (34 A D 2d 769). In that case the Appellate Division, First Department, states: “ The purpose of a bill of particulars is to amplify the pleading, limit the proof and prevent surprise at the trial. Defendants under the present facts may not use this demand as a means for disclosure of evidence or for the identity of witnesses. The disclosure of evidentiary detail is not the office of a bill of particulars. (U. M. & M. Fin. Corp. v. Hirsch, 16 A D 2d 770; McCullen, Bills of Particulars, §§ 47, 48 and cases cited.) ”
In the leading case on bills of particulars and as early as 1922, the Appellate Division, First Department, in Elman v. Ziegfeld (200 App. Div. 494, 497-498) said: “ The object of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial by enabling him to know definitely the claim which he is called upon to meet [citations]; and in furtherance of these objects the courts are quite liberal in requiring a party to furnish his adversary all necessary information to limit the scope of the evidence on the trial and to enable him to know definitely what he intends to claim under his pleading. * * * and in other instances the court exercises its very broad powers with respect to requiring bills of particulars [citation] as the interests and du(e administration of justice seem to require.”
It is the opinion of this court that to seek particulars as to whether it is claimed that the dog barked or gave any warning prior to the attack is within the knowledge of the plaintiffs and *933 of which defendants could have no knowledge. It is also the opinion of this court that such information as to whether or not the dog is claimed to have attacked or bitten any person or persons prior to the alleged attack upon the plaintiff would prevent surprise at the trial and would permit the defendants to investigate such claim prior to trial. Information as to whether or not it is claimed that the dog was at large or restrained at the time of the attack is in the same category.
It is the further opinion of this court that the courts must expand the scope of the bill of particulars in order to reduce the unnecessary expense of prolonged examinations before trial and trials. The cost of litigation is getting out of hand. The cost of the record of examinations before trial is becoming prohibitive. The simple bill of particulars is the most inexpensive method of reducing the proof that is required to be recorded, of amplifying the pleadings, of preventing surprise at the trial and of bringing about the settlement of litigation before trial.
Therefore the motion of the plaintiffs to vacate items 3, 6, 8 and 9 of the defendants ’ demand is still denied.