Edward F. McLaughlin, J.
Plaintiff moves for an order pursuant to CPLR 3041 directing defendant to serve a verified bill of particulars as to its affirmative defense, setting forth among other things the names of the witnesses defendant will *65 produce relative to the affirmative defense on the trial of this action. Defendant made a cross motion for an order vacating or modifying plaintiff’s demand for a bill of particulars upon the grounds that the information plaintiff seeks is improper and outside the scope of a bill of particulars.
This action was brought by plaintiff to recover for his basic economic loss as defined in subdivision 1 of section 671 of the Insurance Law which was incurred as a result of personal injuries sustained in an automobile accident which occurred on December 14, 1974. At that time plaintiff was operating his own automobile which was insured by defendant. Defendant, while admitting the issuance of the automobile insurance policy to plaintiff, raises as an affirmative defense, an exclusion contained in the policy by virtue of which coverage for first-party benefits is denied to any person injured as a result of operating a motor vehicle while in an intoxicated condition. Defendant contends that plaintiff was intoxicated or his ability impaired within the meaning of the policy exclusion at the time of the accident, and therefore denies coverage. Plaintiff’s attorney, in his affidavits, contends that plaintiff, because of a severe head injury resulting in complete amnesia, has no recollection of the accident or its surrounding facts, and therefore is incapable of assisting him in presenting plaintiff’s case or rebutting the affirmative defense asserted by defendant.
Plaintiff’s attorney has also provided the court with an affidavit of Jane Sonnenday, a certified social worker, employed by Community Hospital at Stamford, New York, who has worked with the plaintiff in an effort to rehabilitate him and to bring him back into contact with his surroundings. She also asserts that the plaintiff, by virtue of his injuries, has no recollection whatsoever of any of the events or incidents of this accident of December 14, 1974, and in fact does not realize that he had been in an accident on that date.
Plaintiff seeks by means of a bill of particulars to obtain among other things the name of each witness and copies of documentary evidence which defendant will produce on the trial of this action to prove that plaintiff was intoxicated or his ability impaired at the time of the accident. Plaintiff’s attorney also sought information with reference to the policy of insurance but this information has been obtained by defendant’s answers to a notice to admit pursuant to CPLR 3123, such response being dated January 5, 1976.
*66 Defendant contends that the items sought by plaintiff, particularly in paragraphs 1, 2, 3 and 6 of the demand for a bill of particulars are evidentiary in nature and, therefore, outside the proper scope of a bill of particulars. Defendant has no objection to paragraphs 4 and 5 of the said demand. Moreover, paragraphs 6 and 8 of the demand have been answered in response to the notice to admit. Defendant objects to paragraphs 7, 9 and 10 of the demand on the grounds that the information sought therein has been denied in defendant’s answer.
It is well settled that the functions of a bill of particulars are to amplify the pleadings, to limit proof and to assist in the preparation for trial so as to avoid surprise at the trial. (Harmon v Alfred Peats Co., 243 NY 473; State of New York v Horsemen’s Benevolent and Protective Assoc., 34 AD2d 769.) The scope of a bill of particulars is limited to matters on which the requested party has the burden of proof. (Hyman v Bisceglia, 8 AD2d 617.) Furthermore, particulars cannot be secured on matters denied by defendant in his answer. (Di Mino v Old Town Corp., 4 Misc 2d 962.)
A bill of particulars may not be used for obtaining evidence absent special circumstances in an appropriate case. (Block v Fairbairn, 68 Misc 2d 931, citing Elman v Ziegfeld, 200 App Div 494.) Precisely what makes an appropriate case for special circumstances has been subject to considerable interpretation by the courts. To some degree, any bill of particulars is somewhat evidentiary in amplifying a parties’ claim. The rule seems to be one of fairness and equity, that is, whether the information sought will limit the issues and assist in putting the parties on an equal footing. (Johnson, Drake, & Piper, Inc. v State of New York, 43 Misc 2d 513; Arett Sales Corp. v Island Garden Center of Queens, 25 AD2d 546.)
In Elman v Ziegfeld (200 App Div 494, 497-498) it was stated "The object of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial by enabling him to know definitely the claim which he is called upon to meet * * * and in furtherance of these objects the courts are quite liberal in requiring a party to furnish his adversary all necessary information to limit the scope of the evidence on the trial and to enable him to know definitely what he intends to claim under his pleading * * * and in other instances the court exercises its very broad powers with respect to requiring bills of particulars *67 * * * as the interests and. due administration of justice seem to require.”
In the present case, plaintiff has alleged that he has complied with all the terms and precedent conditions of the insurance policy issued by defendant. Defendant, on the other hand, denies this and in particular asserts an affirmative defense of intoxication which would exclude plaintiff from coverage if proven. The burden of proof with reference to the affirmative defense is on the defendant. Plaintiff cannot, by virtue of his physical condition and total amnesia as to the events, assist his attorney in preparing to meet or defend this affirmative defense which presents special circumstances which would be a serious disadvantage to the plaintiff at trial. (Mass v Manhattan Life Ins. Co. of N. Y., 23 AD2d 585.) This, in the opinion of the court, presents special or unusual circumstances under the facts of this case which require that the defendant disclose the documentary evidence and the names of witnesses who have knowledge of the denial of coverage to plaintiff on the basis set forth in the defendant’s affirmative defense. The economic loss or first-party benefits claimed in this case are $19,337.04 based on the complaint. The disclosure of this information by means of the bill of particulars under the unusual and special circumstances of this case will amplify the pleadings insofar as the affirmative defense is concerned, narrow the issues and prevent surprise at the trial of this action. It will also place both parties in a position to know the basis of the affirmative defense which goes to the issue of coverage. In this case plaintiff has, as stated, alleged that he has complied with all of the terms and conditions of the policy. An independent investigation by plaintiff’s counsel has failed to disclose any evidence of intoxication on the part of plaintiff which would cause the exclusionary clause of the policy regarding intoxication set forth in the affirmative defense to become effective.
After reviewing the notice of motion of the plaintiff, the cross motion of the defendant, the pleadings, the affidavits submitted in support of these motions by respective counsel and in opposition thereto and in the interest of justice and to put the parties in the position of limiting the issues and prevent surprise on the trial, the court holds that plaintiff has shown appropriate special circumstances and directs as follows:
1. The defendant as to its affirmative defense as set forth in *68 its answer is ordered to serve on plaintiff within 20 days after the entry and service of an Order based on this decision, a verified bill of particulars, setting forth
a. The name and address of each witness defendant will rely on to prove its affirmative defense that plaintiff was in an intoxicated condition and/or his ability impaired by the use of alcohol or drug within the meaning of the exclusionary clause of the defendant’s insurance contract. (In this connection paragraphs 1 and 2 of plaintiff’s notice of motion are combined and the aforesaid relief granted as modified).
b. Defendant will set forth and attach to the bill of particulars a copy of each and every document that defendant will rely upon in order to prove that plaintiff was in an intoxicated condition and/or his ability impaired by the use of alcohol or drug within the meaning of the exclusionary clause of the defendant’s insurance contract referred to in the affirmative defense contained in defendant’s answer.
c. The information set forth in paragraphs 4 and 5 of plaintiff’s notice of motion are granted by agreement and consent of counsel.
d. The information sought in paragraphs 6 and 8 of plaintiff’s notice of motion has been supplied by defendant in response to the notice to admit served by plaintiff.
e. The information sought in paragraphs 7, 9 and 10 of plaintiff’s notice of motion is denied inasmuch as such information was denied in the defendant’s answer (Di Mino v Old Town Corp. supra).
The defendant’s cross motion to vacate the bill of particulars sought by plaintiff’s notice of motion is denied. Defendant’s motion to modify the bill of particulars sought by plaintiff’s notice of motion is granted to the extent specified above.